## SOVIET AMERICAN SECURITIES CORPORATION v. BOLGER.

District Court, D. New Jersey.

Oct. 14, 1936.

Nathaniel Weltchek, of Elizabeth, N. J., for plaintiff.

Haines & Chanalis, of Newark, N. J., for defendant.

FAKE, District Judge.

All of the facts involved here are before me on stipulation, and trial by jury is waived. Reference to the stipulation should be made for a more complete statement.

On the 13th of April, 1934, an act of Congress became effective entitled "An Act to prohibit financial transactions with any foreign government in default on its obligations to the United States." 48 Stat. 574, U.S.C.A. title 31, § 804a. This act, among other things, makes it unlawful within the United States to purchase or sell the bonds of any foreign government "issued after the passage" of the act when it appears that such government "is in default in the payment of its obligations * * * to the Government of the United States." This act is commonly referred to as the Johnson Act. It is conceded that the Russian government is in default in its obligations to the United States.

On May 14, 1933, and by supplement of June 17, 1933, laws were enacted by the Union of Soviet Socialist Republics, authorizing the issuance of certain bonds known as Soviet government 7 per cent. bonds (second five-year plan loan). Pursuant thereto, and prior to the enactment of the Johnson Act, the bonds in question were printed in Russia and dated October 1, 1933.

On June 30, 1933, one Miles M. Sherover, an American citizen, entered into a contract for the purchase of certain of the aforesaid Russian bonds, which contract was taken over by the plaintiff corporation, all of the capital stock of which is owned by the said Sherover.

On or before January 1, 1934, the bonds so contracted for were placed with the State Bank of the Union of Soviet Socialist Republics (a Russian government agent) on deposit for Sherover and to be delivered to him or to the plaintiff upon payment therefor in conformity with the agreement of June 30, 1933. From time to time blocks of the bonds were paid for and physically delivered to Sherover or his nominees.

Among other things, it is stipulated that under the law of Russia the bonds covered by the agreement of purchase and sale were duly issued prior to the enactment of the Johnson Act. The stipulated Russian law as to the passing of title reads as follows, being article 66, R.S.F.S.R.: "Ownership in the thing passes by virtue of a contract made between the person alienating and the person acquiring the thing. Ownership of the person acquiring originates as to a non-fungible thing at the time of entering into a contract, and as to fungible things, (ascertained by counting, weighing or measuring) at the time of transfer."

We are here dealing with bonds which are severally identified.

It appears that the basic contract I am called upon to consider was entered into by offer and acceptance in Russia between Miles M. Sherover and the State Bank of the Union of Soviet Socialist Republics prior to the effective date of the Johnson Act. It is therefore a Russian contract, to be construed in conformity with Russian law when such law is properly proved before this court, and it was so proved. I therefore conclude that, in the light of Russian law, title to the bonds in question passed to the plaintiff prior to the date when the prohibition of the Johnson Act became effective. Title having passed, the obligations incident thereto arose and it follows that the bonds were therefore "issued" at that time. The subject to which the act here is directed is foreign bonds, obligations which can have no existence save by force and effect of foreign law, and the word "issued" as used in the act can be construed in no other way than issued in conformity with the law of the foreign country involved. The Johnson Act, being a penal statute and being in derogation of the ordinary principles of private rights, must be strictly construed. Bank of Columbia v. Okely, 4 Wheat. 235, 4 L.Ed. 559.

The constitutionality of the Johnson Act for the purposes of this case was conceded by stipulation. I therefore have not been called upon to deal with that phase of the case.

Judgment will be entered for the plaintiff.