FRANK P. FILARDO, Plaintiff, *v.* FOLEY BROS., INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 3, 1943.

*James B. M. McNally, United States Attorney for Southern District (R. Lewis Townsend of counsel), for defendants.*

*Chester A. Lessler for plaintiff.*

PECORA, J. Defendants move pursuant to rule 106 of the Rules of Civil Practice for a dismissal of the second cause of action of the complaint upon the ground that the facts alleged are insufficient to constitute a cause of action. The complaint alleges that defendants were engaged by the United States Government and the War Department to construct certain buildings, equipment and bases in the Near East and that between February 16, 1942, and June 10, 1943, plaintiff performed services for the defendants, at Iran, as head cook on the aforesaid project. In the first cause of action plaintiff sues for a balance due for services rendered. In the second cause of action plaintiff seeks to recover approximately $10,500 under the provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) which provide for overtime payment. Defendants contend, upon this motion, that the second cause of action must be dismissed because (1) the Fair Labor Standards Act of 1938 does not apply to an employee on an outlying defense base at Iran and (2) that the plaintiff was not " engaged in commerce or in the production of goods for commerce " within the meaning of the Fair Labor Standards Act of 1938. I believe that both of these contentions are sound.

Under the Constitution, Congress has the power to regulate commerce (art. I, § 8). Under the Fair Labor Standards Act [U. S. Code, tit. 29, § 203, subd. (b)] commerce is defined as " trade, commerce, transportation, transmission, or communi-

cation among the several States or from any State to any place outside thereof." Under subdivision (c) of section 203, " State " means " any State of the United States or the District of Columbia or any Territory or possession of the United States." Thus it would seem that the language of the Act must be interpreted as being limited to the United States, its territories and possessions. Iran does not fall within any of these categories. The Department of Labor has issued rulings that the Act does not apply outside of the United States, its territories or possessions. (U. S. Department of Labor, Legal Field Letter No. 37, p. 7. See, also, Department of Labor, Wage and Hour Division, Legal Field Letter No. 26, p. 41). In volume 6 of the Wage and Hour Reporter, pp. 203, 204, there appears an " Official Answers to Questions " by the Wage and Hour Administrator to the effect that the Act does not apply to work and employees working in foreign countries even though such employees are citizens of the United States. These opinions and holdings by administrative agencies are not conclusive upon the court, but they are entitled to great weight. (*Overnight Motor Transp. Co.* v. *Missel,* 316 U. S. 572.) I am in accord with the conclusions reached by them.

Furthermore, plaintiff was not " engaged in commerce or in the production of goods for commerce " within the meaning of the Fair Labor Standards Act of 1938 (§§ 6, 7; U. S. Code, tit. 29, §§ 206, 207). A recent holding by the United States Supreme Court seems determinative upon that point. In *McLeod* v. *Threlkeld* (319 U. S. 491), the court held that a cook employed to prepare and serve meals to maintenance-of-way employees of a railroad company was not engaged in commerce within the meaning of the Act, and was not entitled to recover for a violation of its provisions. There the court said: " McLeod was not engaged in the production of goods for commerce. His duties as cook and caretaker for maintenance-of-way men on a railroad lie completely outside that clause. * * *

" The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it. Employee activities outside of this movement, so far as they are covered by wage-hour regulation, are governed by the other phrase, ' production of goods for commerce '.

" It is not important whether the employer, in this case the contractor, is engaged in interstate commerce. *It is the work of the employee which is decisive.* Here the employee supplies the personal needs of the maintenance-of-way men. Food is consumed apart from their work. The furnishing of board seems to us as remote from commerce, in this instance, as in the cases where employees supply themselves. In one instance the food would be as necessary for the continuance of their labor as in the other." (Italics supplied.)

The motion to dismiss the second cause of action must therefore be granted. Settle order accordingly.