IRVING GREENSTEIN, Plaintiff, *v.* PAN AMERICAN AIRWAYS, INC., Defendant.

Supreme Court, Special Term, New York County, July 12, 1945.

John F. X. McGohey, United States Attorney for the Southern District of New York (R. Lewis Townsend of counsel), for defendant.

Arthur Rosenbaum for plaintiff.

HECHT, J. The original complaint herein was dismissed by Mr. Justice CHURCH (N. Y. L. J., April 21, 1945, p. 1520, col. 3) on the ground that it sought to state a cause of action under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.), which the court held was inapplicable to plaintiff's contract of employment to perform services in Brazil. In compliance with permission given by Mr. Justice CHURCH, an amended complaint was served. Defendant attacks this

complaint, pursuant to rule 106 of the Rules of Civil Practice, as legally insufficient, claiming that plaintiff is still attempting to sue under the Fair Labor Standards Act. Examination of the amended complaint reveals certain allegations not contained in the original complaint, more particularly those appearing in paragraphs fifth, sixth and eighth.

A fair interpretation to be given to the amended complaint is that plaintiff now claims to be entitled to time and one-half wages for overtime work because defendant had specially agreed with the United States Government that it would pay its employees at that rate and defendant, in addition, specifically agreed with plaintiff to pay him time and one half in accordance with the provisions of all the statutes, rules and regulations of the United States of America affecting the employment of labor.

It appears from paragraph sixth of the complaint that plaintiff is claiming a right to overtime based upon the contract defendant made with the United States Government for the project on which he was employed. This contract was subject to the provisions of the Walsh-Healy Public Contracts Act (U. S. Code, tit. 41, § 35 *et seq.*) which made it necessary to include in the contract a representation and stipulation " that no person employed by the contractor in the manufacture or furnishing of the materials, supplies, articles, or equipment used in the performance of the contract shall be permitted to work in excess of eight hours in any one day or in excess of forty hours in any one week." [§ 1, subd. c.]

A reading of the Walsh-Healy Public Contracts Act indicates that it is inapplicable to and unenforcible by the plaintiff. The act does not purport to make the employer liable to the employee for a failure to pay overtime rates for overtime work. It only prescribes an administrative procedure whereby funds may be withheld by the United States from sums due the employer and thereafter paid, if claim therefor is timely made, to the employee (U. S. Code, tit. 41, § 36). No right is given an employee to bring suit against his employer under this act. None of the statutory provisions referred to in that act provides a basis for a suit by plaintiff or any other employee to recover compensation from the employer for the alleged overtime work.

Paragraph eighth sets forth the agreement plaintiff claims defendant made with him. He does not allege that defendant agreed that the contract of employment was to include the provisions of the Fair Labor Standards Act with respect to the payment of overtime. Instead, he alleges that defendant

agreed that it would comply " with all the statutes, rules and regulations of the United States of America, affecting the employment of labor." This is meaningless.

Motion to dismiss the first cause of action is granted. Inasmuch as the allegations above referred to are incorporated in the second cause of action, the balance of the motion is not passed upon. Plaintiff may serve an amended complaint within twenty days after service of a copy of this order with notice of entry.