**BERNHARD et al. v. METCALFE CONST. CO. et al.**

Civ. No. 536.

District Court, D. Nebraska,
Omaha Division.

Jan. 28, 1946.

———◆———

Bolus J. Bolus, of Omaha, Neb., for plaintiff.

Joseph T. Votova, U. S. Atty., of Omaha, Neb., for defendants.

DONOHOE, District Judge.

Vernie L. Randall and another no longer concerned brought this action against the defendants seeking to recover a judgment for overtime compensation claimed to be due under the Fair Labor Standards Act of 1938, in connection with work performed by him in the Dominion of Canada.

The defendants have moved to dismiss on the ground that the petition fails to state a claim against any of the defendants upon which relief can be granted, in that the said petition fails to disclose that the plaintiff was at any time mentioned in the petition,

954

engaged in commerce, as defined by the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. §§ 201–219.

The contract, a copy of which is attached to the petition, recites that it was dated and signed at Whitehorse in the Dominion of Canada, and it is agreed by written stipulation of facts filed in the case, that the plaintiff was hired and signed an employment contract in the Dominion of Canada, copy thereof being attached to the petition, and plaintiff's work, under the contract, was all performed wholly within the Dominion of Canada.

The simple question presented to the Court is whether, under the allegations of the petition and the stipulation of facts, the plaintiff is entitled to the benefits of the Fair Labor Standards Act of 1938.

Generally, unless the parties have manifested a contrary intention, the obligations, legal effect and interpretation of a contract which has been entered into and performed in a foreign state or country, are governed by the law of such state or country. 17 C.J.S., Contracts § 12, pp. 338, 339; Soviet American Securities Corporation v. Bolger, D.C.N.J., 1936, 16 F.Supp. 622; Federal Surety Co. v. Minneapolis Steel & Machinery Co., 8 Cir., 1927, 17 F.2d 242; Westbrook v. Elder, 264 Mich. 138, 249 N.W. 617. The contract involved contains no manifestation of intention respecting the law which shall be applied in determining the rights and duties of the parties.

Section 3 of the Fair Labor Standards Act provides, in part:

As used in sections 201–219 of this title —* * *

"(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof.

"(c) 'State' means any State of the United States or the District of Columbia or any Territory or possession of the United States.

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization. * * *

"(j) 'Produced' means produced, manufactured, mined, handled, or in other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State."

Citations of authorities are not necessary to support the proposition that the definitions contained in the Act are controlling and must be accepted, and these definitions definitely limit the application of the Act to the territorial limits of the United States, its territories and possessions. American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L. Ed. 826, 16 Ann.Cas. 1047.

Since the contract was entered into and performed in a foreign state, the Fair Labor Standards Act has no application to such work so performed. The Department of Labor has held on numerous occasions to this effect. W & H Interpretative Bulletin N. 2, Oct. 17, 1938 (2 C.C.H., Labor Law Service, Par. 32,102); 2 C.C.H., Labor Law Service, Par. 23,576.07; 2 C.C.H., Labor Law Service, Par. 23,576; 6 Wage & Hour Reporter, page 203, 204.

While it is true that these rulings of the Department of Labor are not binding on the Courts, still it has been frequently held that administrative interpretations of the Fair Labor Standards Act by the Department of Labor are entitled to great weight. Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; United States v. American Trucking Associations, 310 U.S. 534, 60 S.Ct. 1059, 84 L. Ed. 1345; Skidmore et al. v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161; Noonan v. Fruco Construction Co., 8 Cir., 140 F.2d 633.

While we have not found a Federal case directly passing on the question—none has been cited—there are two cases in the State of New York wherein the New York Supreme Court directly held that the Fair Labor Standards Act did not apply to cases such as the case now under consideration. Filardo v. Foley Bros., Inc., 1943, 181 Misc. 136, 45 N.Y.S.2d 262; and Greenstein v. Pac-American Airways, Inc., 185 Misc. 429, 57 N.Y.S.2d 178.

In his petition the plaintiff alleges that the work in which he was engaged was

a project of the United States and that he was employed by the United States, and that the defendants acted for the United States and in the employment of the United States under contracts commonly known as war contracts. If we are to accept these allegations, they, in themselves, are sufficient to preclude any recovery, because the Fair Labor Standards Act, 29 U.S.C.A. § 203(d), specifically excludes the United States from the provisions of the Act. Any basis for plaintiff's claim must necessarily rest on the assumptions that the defendants were independent contractors.

The motion of the defendants will be sustained and the clerk is directed to enter a judgment of dismissal accordingly. Costs will be taxed to the plaintiff.