**WILLIS et al. v. E. I. DU PONT DE NE-MOURS & CO.**

Civ. No. 2087.

District Court, E. D. Oklahoma.

March 4, 1948.

Fred W. Martin, Chief Counsel, and W. O. Rittenhouse, both of Wagoner, Okl., June Bliss, Jr., of Tahlequah, Okl., Willis D. Smith of Miami, Okl., and G. F. Waggoner of Wagoner, Okl., for plaintiffs.

Tom C. Clark, Atty. Gen., and Herbert A. Bergson, Acting Asst. Atty. Gen. (Enoch E. Ellison, Sp. Asst. to Atty. Gen., Johanna M. D'Amico, Atty., Dept. of Justice, of Washington, D. C., Hon. Cleon A. Summers, U. S. Atty., Eastern Dist. of Oklahoma, and Francis Stewart, Asst. U. S. Atty., both of Muskogee, Okl., of counsel), for defendant.

RICE, District Judge.

The Motion to Dismiss filed herein by the defendant admits, for the purposes of its consideration, the following allegations of fact contained in plaintiff's petition as amended: That the plaintiff has acquired by assignment the claims of 1687 other persons named in the petition and brings his action individually and for the use and benefit and as agent and assignee of all the other designated parties. That on the 11th day of September, 1941, the United States of America entered into a written contract with the defendant for the construction of a new ordnance facility near Choteau, Oklahoma, which said contract, among other things, provides as follows: "The Contractor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate not less than one and one-half times the basic rate of pay of such laborers and mechanics * * *"

The original of the contract above mentioned is now in the possession of the defendant, and for that reason a copy of the same could not be attached to plaintiff's petition; that the plaintiff and all his assignors were employed by said defendant in the construction of said ordinance facility under said contract above mentioned, and especially that part of said contract above mentioned and quoted; that said contract has never been rescinded. That in the construction of the above mentioned facility, the said defendant paid said employees only for the actual time spent in productive labor and did not pay said employees for the time necessarily spent upon said premises in traveling and preparing for said work. That said employer has in its possession the wage hour records of plaintiff and his assignors, which records will show the days each worked and the rate of pay, which records are accepted as true by the plaintiff insofar as they show the days worked and the rate

of pay. That the plaintiff and his assignors each spent a minimum of one hour per day upon defendant's premises for which he has not been paid. That the contract between the United States of America and the defendant contained the following provision: "The Contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work, unconditionally and not less often than once a week, and without subsequent deduction or rebate on any account, the full amounts accrued at the time of payment, computed at wage rates not less than those determined by the Secretary of Labor for the work herein specified, regardless of any contractual relationship which may be alleged to exist between the Contractor, subcontractor and such mechanics and laborers; and said schedule of minimum wage rates will be posted by the Contractor in a prominent and easily accessible place at the site of the work."

That the Secretary of Labor did determine the wage schedule to be paid the laborers and mechanics for said work, which determination is in the possession of the defendant and for that reason cannot be attached to his petition. Plaintiff pleads but does not copy Executive Order No. 9240, 42 U.S.C.A. § 326 note, issued by the President of the United States, which provides generally that when any employces, in work relating to the prosecution of the war, work seven consecutive days in any regularly scheduled work week, they shall be paid double time for the seventh day. Originally the plaintiff claimed for himself and each of his assignors a written contract of employment with the defendant, but by amendment subsequently struck those allegations from his petition.

In addition to the foregoing allegations of fact, the plaintiff alleges certain conclusions. One is to the effect that the provision set forth in the contract was inserted therein for their use and benefit. He pleads and apparently relies upon an Oklahoma Statute, 15 O.S.A. 29, 15 O.S.1941 § 29, which provides as follows: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

He concludes that he and each of his assignors is entitled to and has owing to him from the defendant one and one-half hours of pay for each day worked except the seventh day in the week with double pay for the seventh day's work. That he and each of his assignors has coming to him as additional wages the sum of $500 with interest at 6 per cent per annum from due date, or a total of $843,500. The defendant acting through the United States Attorney for the Eastern District of Oklahoma filed a Motion to Dismiss upon two grounds: (1) The petition and amendments thereto do not state a cause of action in favor of plaintiff as against this defendant. (2) The new matter alleged in the third amendment to the petition shows that plaintiff now claims for wages alleged to have accrued under rates determined by the Secretary of Labor. That, as a matter of law and fact as shown by said contract, such action was taken by the Secretary of Labor by virtue of the law known as the Bacon-Davis Act, 40 U.S.C.A. § 276a et seq., and that by virtue of the provisions of Public Law 49, of the 80th Congress, approved May 14, 1947, and known as the Portal-to-Portal Act of 1947, 29 U.S.-C.A. § 251 et seq., this court is deprived of jurisdiction to enforce any liability arising by virtue of the Bacon-Davis Act; that this action does not come within any exceptions noted in said Portal-to-Portal Act of 1947.

By response filed herein, the plaintiff asserts: first, that the Portal-toPortal Act of 1947 has no application; and second, if it is applicable, it is unconstitutional.

By a pleading filed herein the plaintiff has expressly disclaimed any effort to seek relief under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., or any other Federal Law as such, and states that he seeks relief and judgment only on the contract made for the use and benefit of the employees as set forth in his petition filed herein.

It is apparent from a reading of the plaintiff's petition that he and his assignors are seeking a judgment from the defendant for what may be referred to as "portal to portal activities" while employed by the defendant in the construction of the ordinance facility near Choteau, Oklahoma. It is likewise

apparent that the contract provisions relied upon were included therein in order that the contract might conform to the requirements of the Bacon-Davis Act, 40 U.S.C.A. §§ 276a–276c, and the Eight Hour Law, 40 U.S.C.A. §§ 321–326.

In a written brief filed herein in support of a Motion to Dismiss in which the Attorney General of the United States joins with the United States Attorney of this District, the issues before the court are stated as follows:

"Whether an employee of a contractor who is engaged in the construction of a new ordinance facility can maintain an action for the recovery of additional compensation allegedly due by reason of certain provisions in a contract between the defendant-employer and the United States of America?

"If so, whether time spent by an employee upon the employer's premises 'in traveling and preparing' for productive work is compensable?"

Plaintiff states the issues in the affirmative as follows: (1) Laborers and mechanics employed by the defendant in the construction of an ordinance facility under a contract between the United States of America and employer can enforce terms of the contract regarding overtime wages placed in the contract *for their use and benefit* (emphasis supplied); (2) the activities for which compensation is sought constitutes "work" as that term is used in the contract between the United States of America and the defendant.

Plaintiff's original action was filed in the District Court of Wagoner County, Oklahoma, in December, 1946, subsequent to the decision of the Supreme Court in Anderson et al. v. Mount Clemens Pottery Company, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, but prior to the enactment of what is known as the "Portal-to-Portal Act of 1947". In many respects his petition follows the pattern of Anderson v. Mount Clemens Pottery Company case and clearly seeks pay for the type of activity held to be compensable therein. In his brief filed herein the plaintiff emphasizes the fact that he does not seek recovery under the terms of any Federal Law but that he seeks recovery upon the contract provision contained in said contract, and it may be assumed that he relies to a great extent upon the law of the State of Oklahoma in determining whether or not he may enforce the provision of the contract in question.

■ Plaintiff by disclaiming reliance upon any Federal law may not thereby escape the force and effect of the Bacon-Davis Act and the Eight Hour Law upon his efforts to obtain relief. Regardless of what jurisdiction he may find himself in, his right to maintain the action or to recover therein must be determined under Federal Law. Plaintiff and his assignors are not parties to the contract. The contract was entered into by an agency of the United States of America, and Congress in the two acts, supra, had directed, among others, that the provisions which plaintiff and his assignors seek to enforce as third party beneficiaries must be included. Plaintiff's disclaimer of reliance upon said acts may be taken as an admission that the Acts afford him no relief.

■ Neither Act by its terms authorizes employees to bring an action in court to enforce the provisions relating to rate of wages or limiting the number of hours per day to eight unless the rate of pay is increased to time and one-half. Each Act provides the machinery for the enforcement of the provisions. They are declarative of public policy and penal in nature. Violation is made a crime. There are provisions for cancelling the contract and precluding the contractor from any government contract for three years. There are provisions authorizing the contracting officer to withold payments due the contractor in amounts sufficient to reimburse the laborer for loss occasioned by the contractor's violations. Under the Bacon-Davis Act, the Comptroller General of the United States is authorized to make payments direct to laborers and mechanics from funds withheld from the contractor. In the event the funds withheld are insufficient, then and then only the employee has a right of action against his employer and the sureties upon his bond, which action must be brought in the name of the United States for the use of the per-

son suing, 40 U.S.C.A. § 270b. The Eight Hour Law contains no provisions whatsoever for a right of action in the employee.

Under the terms and provisions of the contract (the Attorney General in his brief has supplied other pertinent parts of the contract which additional parts of the contract are not questioned by plaintiff), the contractor was required to furnish weekly copies of pay rolls on forms prescribed by regulations issued by the Secretary of Labor duly verified and showing that every person employed on the work had been paid in full the weekly wages shown on the affidavit, and that no rebates had been or would be made directly or indirectly to or on behalf of the contractor, and that no deductions other than those permitted under law had been made, either directly or indirectly.

Under the allegations of plaintiff's complaint, it is fair to assume that he and his assignors have been paid in full at the established rate of pay per hour for all productive work performed. We will assume that the contractor supplied to the contracting officer pay rolls showing the number of hours worked as the term "work" was understood and that each had been paid in full under the prevailing wage scale. And that the contracting officer approved the pay rolls. We will further assume that no funds due the contractor were withheld by the contracting officer.

 Can the plaintiff for himself and his assignors maintain this action by reason of that certain provision relied upon as being included in the contract "for their use and benefit"? The query here as always presents one of the difficult situations in law. However, the authorities are in accord that one suing as a third party beneficiary has the burden of showing that the provision was for his direct benefit; it is not enough to show that performance of the contract would inure to his benefit; he must show himself to be more than an incidental beneficiary. 12 American Jurisprudence, page 834. German Alliance Insurance Co. v. Home Water Company, 226 U.S. 220, 33 S.Ct. 32, 57 L.Ed. 195, 42 L.R.A., N.S., 1000. By including the provision in question in the contract did the contracting parties intend it for the direct use and benefit of plaintiff

and his assignors? Was it intended to confer upon them a right of action to recover compensation for a type of activity not generally understood at that time to be compensable under ordinary contract of employment? The answer to each question is "no". No other answer seems logical. All the terms of the contract must be considered and construed together. The language of the two Acts of Congress by reason of which the particular provision was included must also be considered; likewise, the history and purpose of the legislation. For the legislative history of the Bacon-Davis Act, see Senate Report No. 1145, 71st Congress, 3rd Session, page 2. It is evident that Congress intended by the legislation to improve labor conditions by limiting a day's work under government contract to eight hours and by requiring contractors having government contracts to pay the wage prevailing in the community rather than import cheaper labor. And the contractor was required to include such provisions in the contract in order to facilitate the enforcement of its provisions by the Government. Nothing in either Act indicates a purpose to confer upon individual laborers in their own right to enforce its provisions by an action in court. In this respect the two Acts under consideration are unlike the Fair Labor Standards Act. In the Fair Labor Standards Act Congress by clear and explicit language conferred upon the individual laborer the right to bring suit in any court of competent jurisdiction to recover any amount due him under the provisions of the law.

 Plaintiff has not shown himself and his assignors to be third party beneficiaries of the provision of the contract as the term "third party beneficiary" is understood in law, and by reason thereof entitled to sue for a breach of the provision, conceding there was a breach. See Restatement of the Law, Contracts Section 133; Williston on Contracts, Volume II, Section 356.

 But I do not think there has been a breach of the contract. In its final analysis plaintiff's contention is that the contract required defendant to compensate him and his assignors for nonproductive work, a type of work which was held by a decision of the Supreme Court in Anderson et al. v.

Mount Clemens Pottery Company, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, to be compensable if substantial. See also Tennessee Coal Iron & R. Company v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014; and Jewell Ridge Coal Corporation v. Local No. 6167, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534. In each of the cases relied upon the Supreme Court had under consideration the provisions of the Fair Labor Standards Act. Whether or not the plaintiff may carry over the definition of the term "work" as used in the Fair Labor Standards Act into the Bacon-Davis Act or the Eight Hour Law need not be decided. The decisions relied upon were subsequent to the date of the contract involved and the work performed thereunder. In the Portal-to-Portal Act of 1947, Public Law No. 49, Chapter 52, United States Code Congressional Service, 80th Congress, First Session, 1947, Congress in Section 1 made the following findings and expression of policy: "The Congress hereby finds that the Fair Labor Standards Act of 1938, as amended, has been interpreted judicially in disregard of long-established customs, practices, and contract between employers and employees * * *."

It would seem to be directly contrary to the finding and expression of policy of Congress at this time to conclude that the contract in question contemplated compensation to laborers and mechanics for the type of work for which recovery is now sought. There is nothing in the contract nor in the subsequent action of the parties to indicate that the particular type of activity involved was to be compensated.

Plaintiff has endeavored to present his case upon a theory outside the reach of the Portal-to-Portal Act. Disposition of the case has been made upon the theory urged by the plaintiff. Since the Court has decided the issue contrary to plaintiff's theory, it is not necessary to consider either the applicability of the Portal-to-Portal Act or the constitutionality of the said Act.

The attorneys for the defendant are requested to prepare appropriate Order sustaining the Motion to Dismiss filed herein and present to the Court for signing and entering after five (5) days notice to the attorney for the plaintiff.