**UNITED STATES v. HARP.**

Civ. No. 3726.

United States District Court
W. D. Oklahoma.

Aug. 31, 1948.

Charles H. Kelly and Earl Street, Regional Attys., both of Dallas, Tex., and Haskell Pugh, Asst. U. S. Dist. Atty., of Oklahoma City, Okl., for plaintiff.

Goode & Goode of Shawnee, Okl., for defendant.

BROADDUS, District Judge.

*Parties and Jurisdiction*

1. This action is brought by the United States against O. G. Harp, doing business as O. G. Harp Poultry and Egg Company, to recover liquidated damages as a result of alleged violations of the Public Contracts Act, 41 U.S.C.A. §§ 35–45, in the hiring, by defendant, of girls under the age of sixteen years; and the employment of girls between the ages of sixteen and eighteen years for periods of more than

eight hours per day in violation of the terms of the Act and the terms of exemptions thereto issued by the Secretary of Labor under the authority of the Act. This court has jurisdiction. 28 U.S.C.A. §§ 1331, 1332, 1345.

*The Statute of Limitations*

2. The employment complained of began in October, 1943, and continued into the early part of 1945. Complaint was filed in the Division of Public Contracts of the Department of Labor on February 11, 1946, and after notice and hearing as provided in the regulations promulgated by the Secretary of Labor pursuant to the Act, on November 21, 1946, the trial examiner filed his report and recommendation that the sum of $13,030 be collected from the defendant as liquidated damages for employment in violation of the Act and the terms of the exemptions issued pursuant thereto. Exception was taken by the defendant to the trial examiner's report, and on July 25, 1947, the Administrator of the Wage and Hour and Public Contracts Division of the Department of Labor filed his decision ordering defendant to pay to the United States as liquidated damages the sum of $6,970. This action to enforce that decision was brought by the United States on September 8, 1947.

*Conclusions of Law*

A. Any action commenced on or after May 14, 1947, to enforce an action for liquidated damages under the Walsh-Healey Act, otherwise known as the Public Contracts Act, may be brought (a) within two years if the action accrues on or after May 14, 1947; or (b) if the action accrued prior thereto within whichever of the following periods is the shorter: (1) within two years after the action accrues, or (2) the period prescribed by the applicable state statute of limitations; or (c) should the cause of action have accrued prior to May 14, 1947, it shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947, unless at the time commenced it is barred by an applicable state statute of limitations. Act of May 14, 1947, c. 52, Sec. 6, 61 Stat. 87, 29 U.S.C.A. § 255, the Portal-to-Portal Act.

B. The limitation statute begins to run at the time the action accrues so that suit may properly be maintained on the liability. Versluis v. Town of Haskell, 10 Cir., 154 F.2d 935; Yager v. Liberty Royalties Corporation, 10 Cir., 123 F.2d 44; City of Beach v. Goepfert, 8 Cir., 147 F.2d 480. Any violation of the stipulations in any contract within the operation of the Public Contracts Act renders the responsible party liable to the United States in a given sum for what is designated as "liquidated damages". 41 U.S.C.A. § 36. The Secretary of Labor is the authorized authority to administer the Public Contracts Act; and has the power to make investigations and findings and to issue such regulations as may be necessary for the enforcement of the Act. 41 U.S.C.A. § 38. Upon hearing, the Secretary may make findings and decisions which, if supported by the preponderance of the evidence shall be conclusive in any court of the United States. Following this method or type of procedure, no cause of action accrues upon such determination, where the findings are conclusive in any court of the United States, until the finding or decision is made by the Secretary. When the decision or action of an administrative board creates, or is the basis of liability, the statute of limitations begins to run upon the making of the decision or the happening of the event. United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Bonwit Teller & Company v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; Rawlings, Receiver v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; Fisher v. Whiton, 317 U.S. 217, 63 S.Ct. 175, 87 L.Ed. 223; Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602. The action having accrued on the date of the administrator's decision of July 25, 1947, and after the effective date of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., that is May 14, 1947, the action herein must have been filed within two years of the decision and, having been filed within that time, is not barred.

C. The state statute of limitations does not apply to the United States in an action enforcing its sovereign rights as opposed to one seeking a collection for

the benefit of private persons. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. First National Bank of Prague, 10 Cir., 124 F.2d 484. Nor is the United States, while acting in its sovereign capacity, barred by any Federal statute of limitations unless after strict construction in its favor it is fairly included within the statute. Bowers v. New York & Albany Lighterage Company, 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676; Dupont De Nemours & Co. v. Davis, 264 U.S. 456, 462, 44 S.Ct. 364, 68 L.Ed. 788.

■ D. The Public Contracts Act places in the United States the responsibility of enforcing its provisions; and to recover the sums equal to the amount of deductions, rebates or underpayment of wages due any employee and liquidated damages, in addition to damages for any other breach of contract, in the sum of $10 per day for each male person under sixteen years of age or each female person under eighteen years of age employed. 41 U.S.C.A. §§ 35, 36. Apparently there is no authority in the employee to maintain any action under the Act. Greenstein v. Pan American Airways, 185 Misc. 429, 57 N.Y.S.2d 178; see Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108, and Willis v. E. I. Du Pont De Nemours & Co., D.C.E.D.Okl., 76 F.Supp. 1010. Therefore, the statute of limitations of the Portal-to-Portal Act, May 14, 1947, c. 52, Sec. 6, 61 Stat. 87, 29 U.S.C.A. § 255, wherein actions under the Walsh-Healey Act, otherwise known as the Public Contracts Act, were brought within its operation must have referred to actions brought by the United States under the Walsh-Healey Act.

■ E. Should it be considered that the action accrues each day a minor under the age prescribed in the statute, or in the contract, is employed, then the applicable statue of Oklahoma comes in operation as the action would have accrued prior to May 14, 1947, the effective date of the Portal-to-Portal Act. Under the Oklahoma statute, an action upon a liability created by statute, other than a forfeiture or penalty, must be brought within three years, and for a penalty or forfeiture, except where the imposing statute otherwise provides, within one year. 12 O.S.A. § 95. What the National Congress has declared as to the nature of the damages is persuasive on the courts. See Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; Rockton & Rion Ry. v. Davis, 4 Cir., 159 F.2d 291, 294. The Public Contracts Act vesting the actions for its violations or for the breach of any contracts within its operation in the United States discloses the intent of Congress to impose a proprietary interest as well as the sovereign duty of enforcement upon the government. The legislative classification of the damages for violation of the provision relative to the employment of minor labor as liquidated damages may not be withdrawn from the general interest of the government so as to become a penalty or forfeiture and thereby overthrow the clear legislative mandate. This being so and the Act being in its nature remedial, the claim for damages herein is for liquidated damages, a liability arising under the statute and not a penalty or forfeiture.

*The Decision of the Administrator*

3. Defendant Harp owns a plant in Shawnee, Oklahoma, in which he has been engaged for some years in the canning of poultry and the preparation of dried eggs, as well as the preparation of poultry and poultry products for retail sale. From October 15, 1943, to January 1, 1945, he entered into a series of eighteen contracts with the War Department for the delivery of specified amounts of canned chicken and turkey. Each of the contracts exceeded $10,000 in amount, and the total price of the produce delivered thereunder was almost $2,000,000. Each of the contracts contained a provision including the terms of the Walsh-Healey act therein by reference.

4. The Secretary, pursuant to authority granted him in the Walsh-Healey Public Contracts Act, on November 11, 1942, issued an exemption order (7 Federal Register 9399) amending an order issued on April 21, 1942 (7 Federal Register 3003) which exempted certain industries, including that of food processing, from the pro-

hibition of the Act against the employment of women under eighteen years of age. The exemption order allowed such employment subject to certain conditions, among which were that no girl under sixteen years could be employed; no girl between sixteen and eighteen years could be employed for more than eight hours per day; and that certificates of age must be kept on file for all girls employed who were under eighteen years of age. Code of Federal Regulations, Cumulative Supplement, Title 41, Section 201(d) (Note).

5. During the time that defendant was canning poultry under the government contracts, he was also processing other poultry and poultry products under contracts other than those with the government, to which the terms of the Walsh-Healey Public Contracts Act did not apply. He employed a large number of women in his plant, who worked on processing under the government contracts, or on other processing as the circumstances required. The women whose employment resulted in this action for liquidated damages processed poultry under a great number of contracts, both public and private.

None of the government contracts had to do with the drying of eggs, and thus both the trial examiner and the administrator did not include in the computation of liquidated damages days spent by any of these employees in the egg processing department.

6. There was no evidence introduced as to whether each individual employee actually worked on the processing of poultry under the government contracts on the days for which liquidated damages were assessed by the administrator. The damages were assessed for each day during the time poultry was being produced under government contracts for each girl working in the poultry department whose employment, because of her age or the number of hours employed per day, would constitute a violation of the Act and the exemptions issued pursuant thereto.

7. Pursuant to authority granted him in the Public Contracts Act, the Secretary of Labor promulgated a regulation on October 3, 1942, which provided that separate records must be kept showing the time spent by each employee on work under government contracts, and that, in the absence of such records, it shall be presumed, until affirmative proof is present to the contrary, that all employees in the plant, from the date of the award of any such contract until the date of delivery of the materials, were engaged on such government contract. Code of Federal Regulations, Cumulative Supplement, Title 41, Section 201.501.

8. The liquidated damages assessed by the administrator were based on the employment by defendant of some sixteen girls under the age of eighteen years. Birth certificates or other proof of age at the time of employment were introduced in evidence. Liquidated damages in the amount of $10 per day were assessed for each day each girl was employed before she reached the age of sixteen years. The time cards kept for each girl which showed the number of hours and minutes worked each day were introduced. Further liquidated damages of $10 per day were assessed by the administrator for each girl for each day she was employed for more than eight hours when between the ages of sixteen and eighteen years. Many of the birth certificates for the employees were not obtained and placed on file by the defendant until after ordered to do so by a government inspector who visited the plant in January, 1945. The trial examiner recommended the assessment of further liquidated damages of $10 per day for each day each girl under eighteen years was employed without the defendant having on file a certificate of her true age, but these damages were deleted by the administrator and not assessed in his decision.

9. Defendant Harp hired none of the employees himself, delegating that function to the various department foremen and other personnel employees with instructions merely not to employ any girls under the age of sixteen years. In some cases the person employing a girl neglected to ask her age, and in other cases her false statement as to her age was accepted without further corroboration. In many cases no effort was made to obtain certificates of age until after the visit of the government

inspector in January, 1945. Upon one occasion defendant caused word to be circulated around the plant that all girls under sixteen would have to resign, whereupon certain girls quit, and each was reemployed on reaching her sixteenth birthday. The trial examiner examined each of the girls whose employment resulted in the assessment of liquidated damages, and was of the opinion that their youthful appearance alone was enough to place the defendant under a duty to ascertain if they were less than eighteen years of age.

As to the girls who were employed for more than eight hours per day when between the ages of sixteen and eighteen years, there is no doubt in any case but that defendant knew that the girl was under eighteen years of age.

*Conclusion of Law*

F. The Secretary of Labor has authority, under the Public Contracts Act, to promulgate such regulations as may aid in the enforcement and operation of the act. Such authority included granting exemptions from the operation of the act, upon such conditions as may be reasonable, the inclusion of the terms of the act in the contracts by reference or by practice, and to require employers securing government contracts to keep a separate record of the time for work performed under government contract, or in the alternative, sustain the burden of proof that the employees were working on other than government contracts. 41 U.S.C.A. § 38. Such regulations under statutory authority have the force and effect of law as though prescribed by the language of the statute. Atchison, Topeka & Santa Fe Railway Co. v. Scarlett, 300 U.S. 471, 57 S.Ct. 541, 81 L.Ed. 748; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900; United States v. Stanolind Crude Oil Purchasing Co., 10 Cir., 113 F.2d 194.

G. The evidence before the Administrator supports his findings by a preponderance and is conclusive in this action. 41 U.S.C.A. § 39.

A summary judgment will be entered in keeping with these findings and conclusions

as of the date of filing, this the 31st day of August, 1948.