**UNITED STATES v. CRADDOCK–TERRY SHOE CORPORATION.**

No. 5982.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 15, 1949.

Decided Dec. 21, 1949.

Joseph Kovner, Attorney, Department of Justice, Washington, D. C. (H. G. Morison, Assistant Attorney General, Howard C. Gilmer, Jr., United States Attorney, Pulaski, Va., R. Roy Rush, Assistant United States Attorney, Roanoke, Paul A. Sweeney, Attorney, Department of Justice, and George F. Foley, Attorney, Department of Justice, Washington, D. C., on the brief) for appellant.

Frank G. Davidson, Jr., Lynchburg, Va., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

SOPER, Circuit Judge.

The United States brought suit against Craddock-Terry Shoe Corporation on June 22, 1948, for liquidated damages in the sum of $8,090 on account of the employment of persons under the age of sixteen in the performance of several contracts with the United States. The suit was based on the Walsh-Healey Act of June 30, 1936, 41 U.S.C.A. §§ 35 to 45, which requires that in any contract made by an agency or instrumentality of the United States for the manufacture or furnishing of materials, supplies and equipment in any amount exceeding $10,000, there shall be included amongst other things the stipulation that no male person under sixteen years of age will be employed by the contractor in the manufacture or production of the articles. The statute further provides, 41 U.S.C.A.§ 36, that any breach of the stipulation shall render the party responsible therefor liable to the United States for liquidated damages in the sum of $10 per day for each male person under sixteen years of age knowingly employed in the performance of the contract, and in addition the contracting agency of the United States shall have the right to cancel the contract and to enter into other contracts for the completion thereof, charging the additional cost to the original contractor. The statute, 41 U.S.C.A. § 38, authorizes the Secretary of Labor to administer the provisions of the Act and to appoint an administrative officer and such attorneys and experts and other employees as he may from time to time find necessary for the administration of the statute; and the Secretary and his representatives are authorized to make investigations and findings. The Secretary, or a representative designated by him, is also authorized to hold hearings and to make findings of fact after notice and hearing which shall be conclusive upon the agencies of the United States, and if supported by the preponderance of the evidence, shall be conclusive in any court of the United States.

During the war years, 1942, 1943 and 1944, Craddock-Terry Shoe Corporation entered into fifteen government contracts for the manufacture of more than one million pairs of shoes. It had 3,000 persons on its payroll and suffered from the huge turnover of employees which characterized the war production effort. All of the contracts were completed prior to September 26, 1944, except two which were completed on March 28, 1945 and January 2, 1945, respectively.

On September 24, 1946, the Secretary of Labor issued a complaint against the corporation alleging that in the performance of the contracts the corporation had knowingly employed 25 minors under sixteen years of age for a total of 2,305 days, and was therefore liable to the United States for $23,050. A hearing was held before a trial examiner who dismissed the claim as to 20 of the minors but sustained it as to 5 underage boys for a total of 811 days. This report was sustained by the Administrator of the Wage and Hour and Public Contract Divisions of the Department except as to one day, so that the amount claimed was reduced to $8,090 for which sum, after payment was refused by the corporation, the present suit was brought.

■ The case was carefully considered by the District Judge who rendered an extended opinion, 84 F. Supp. 842, in which he examined the evidence in detail and reached the conclusion, bearing in mind the weight given by the statute to the findings of the trial examiner, that the evidence did not support the finding that the corporation had knowingly employed persons under 16 years of age. Our function is defined in Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provide that the findings of fact of the court, sitting without a jury, shall not be set aside unless clearly erroneous; and our conclusion is that the findings of the District Judge were not erroneous but were supported by the evidence.

It is not denied that the boys were under age; nor is it disputed that the corporation had no actual and affirmative knowledge of their age. Each was questioned, because of his youthful appearance, and each asserted that he was over 16. The adverse finding of the trial examiner rests upon his conclusion that the appearance of the boys and the circumstance of their employment was enough to put the defendant on notice and that the defendant failed to make the inquiry which would have disclosed the truth. This phase of the matter, however, was not overlooked by the District Judge. He correctly held that mere absence of actual knowledge on the part of the employer would not absolve him from liability, and that if the circumstances surrounding the employment were such as to lead a reasonable man to infer that the applicant was not of lawful age, the employer would not be justified in hiring him without careful inquiry to ascertain the fact.

■ Bearing in mind this rule, the District Judge considered the evidence as to each of the five boys and found it insufficient to sustain the charge. We are in accord with his findings and with the following summary which concludes his opinion, 84 F. Supp. 851-852:

"There is credible evidence in this case that the defendant had a fixed practice of inquiring as to the ages of all youthful applicants for employment and causing them to sign forms in which their ages were stated. That this practice was followed in each of the cases in question and that in each of them the employee stated that he was over 16. In four of the cases these statements as to age were supported by other persons who were seemingly in position to know of what they spoke and in whose truthfulness the defendant had confidence. There is testimony not denied that on several occasions, including one now in question, the defendant, after receiving information that the employees were in fact under age, investigated such cases and discharged the employee when this was found to be true. This would indicate a good faith intention not to employ persons under 16; and to deny the knowing employment of such persons.

"While under the pressure of completing its contracts with the Government the defendant was experiencing a very large turnover of its labor. This was probably due in large measure to the fact that its younger employees were constantly being drafted for military service and had to be replaced. Under these conditions the defendant failed to exercise the more diligent and extended investigation as to the age of the applicants for employment that might seem proper under more normal circumstances. But even so upon consideration of all the evidence I am of opinion that the findings of the trial examiner, approved by the Secretary of Labor, to the effect that the defendant knowingly employed persons under 16 years of age is not supported by the preponderance of the evidence and that this action based on those findings must fail, with judgment for the defendant."

Having reached this conclusion on the merits, we have no occasion to pass upon the additional defense considered by the District Court that the suit was barred by limitations.

Affirmed.