## UNITED STATES v. LANCE, Inc.
### Civ. A. No. 719.

United States District Court
W. D. North Carolina, Charlotte Division.
Jan. 31, 1951.

T. A. Uzzell, Jr., U. S. Atty., Asheville, N. C., Francis H. Fairley, Asst. U. S. Atty., Charlotte, N. C., for plaintiff.

Frank H. Kennedy, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This action is one filed against the defendant by the United States in which it seeks to recover the sum of $1,990.00 as liquidated damages for the alleged breach of certain conditions and terms set out in a contract entered into between the respective parties as they are governed by the provisions of the Act of Congress of June 30, 1936, commonly known as the Public Contracts Act and more generally referred to at this time as the Walsh-Healey Act, 41 U.S.C.A. §§ 35-45.

Among certain of the provisions of this statute and which are pertinent here are those to the effect that in any contract entered into by the United States for the manufacture or furnishing of supplies or material in any amount exceeding $10,-000.00, there shall be included certain conditions and stipulations which the contractor binds himself to observe in performing his contract. These that are pertinent here have to do with conditions relating to minimum wages to be paid, hours of work, and other conditions of a similar nature, and more particularly applicable here is the condition providing that no male person under the age of 16 years and no female person under the age of 18 years will be employed in the manufacture or production of any of the materials involved in the contract.

The Act further provides that when such employment as is condemned above comes about that the person responsible therefor shall be liable to the United States for liquidated damages in the sum of $10 for

328

each day for each such person knowingly employed under the terms of said contract. Walsh-Healey Act, § 2, 41 U.S.C.A. § 36.

The Act, § 4, 41 U.S.C.A. § 38, goes further and authorizes the Secretary of Labor to administer the foregoing provisions and prescribes rules and regulations therefor.

It is further provided in said Act, § 5, 41 U.S.C.A. § 39, that if any complaint is made by any one effected of a violation of the act, that then the Secretary, or some impartial representative designated by him shall have power to make investigations, to hold hearings, etc., with respect to the alleged violations theretofore reported and to make findings of fact thereon, the findings, as supported by the greater weight of the evidence, shall be conclusive in any court in the United States. Likewise, provision is made for the Secretary or his representative to make ultimate decisions based on findings had as are necessary to enforce the provisions of the Act.

On September 7, 1949, United States filed its complaint under Section 2 of the Walsh-Healey Public Contracts Acts, 49 Stat. 2036, 41 U.S.C.A. § 35, etc., which for convenience will be referred to as the act to recover of the defendant the amount of liquidated damages which had been determined and found to be due by the Secretary of Labor in an earlier administrative proceeding conducted by him and under his supervision under Section 5 of the Act.

Plaintiff's complaint alleges that the Secretary of Labor, had, on February 28, 1948, issued a complaint under Section 5 charging among other things, that in the performance of specified governmental contracts and subject to the Act that the defendant had breached the contracts in violations of the Act by knowingly employing under age minors, and thereafter sets out the progressive steps which had occurred in the administrative proceeding, such as the appointment of a trial examiner, the holding of hearings after notice, the filing of the examiner's report, a review of the evidence, and on such review the final decision by the administrator of the Wage and Hour and Public Contracts Division, in which it was determined among other things that in the opinion of the administrator from the preponderence of the evidence that the defendant had knowingly employed under age minors for a total of 199 days, and was principally indebted therefor at the rate of $10 a day, in the aggregate sum of $1,990.00 as liquidated damages under Section 2 of the Act.

It is further alleged that no further action having been taken by the defendant, the administrator's decision became final on April 26, 1949, and plaintiff thereupon seeks judgment for said amount.

On October 4, 1949, the defendant filed its answer and set its principal if not its sole defense act on the ground that this cause of action is barred by the following statutes of limitation:

1. Section 6 of Chapter 52, Public Law 49, of the Congress of the United States, approved May 14, 1947, 61 Stat. 87, Title 29 U.S.C.A. § 255.

2. Section 1–52 of the General Statutes of North Carolina (3-year statute of limitations).

3. Section 1–54 of the General Statutes of North Carolina (1 year statute of limitations).

The defendant, Lance, Inc., a corporation, is principally engaged in the manufacture of foodstuffs for sale in packages, and does a volume of business of large proportions in many of the states of America, and in furtherance of its desire to do business, entered into said contracts with the government for the manufacture of its products and the delivery of them to such governmental agency as it may in turn be requested to effect delivery.

On November 2, 1949, the plaintiff, the United States of America, filed its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the theory that there is no general issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law. In support of said motion there was filed a duly authenticated copy of the record in the administrative proceeding.

At a pre-trial hearing it was agreed that the only issue involved in the controversy and raised by the pleadings after certain agreements and stipulations had been entered into, by the parties, is "whether the statute of limitations is applicable and is a defense."

■ The question of the statute of limitations does not permit of an easy answer and a solution thereof is somewhat difficult. Nothing would be particularly gained by undertaking to analyze the many decisions with respect to the matter of "cause of action" or the synonymous "the right of action", or to draw a distinction between the two. A "cause of action" is the existence of those facts which give a party a right to judicial interference on his behalf. The question of the limitation on the rights to bring an action seemingly is answered by the Portal to Portal Act, approved May 14, 1947, 29 U.S.C.A. §§ 251-262, in Sec. 6 it is provided.

Sec. 6. Statute of Limitations.

"Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrued on or after the date of the enactment of this Act—[action] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued."

■ This of itself therefore does away with the first point in the argument that is made by the government wherein it contends that limitations ordinarily do not run against it. I will concede that old maxim: "Lullum tempus occurrit regi"— "no statute of limitation would run against the Sovereign" has been one of the fundamentals of legal procedure since the establishment of organized society, but at the same time in the modern advance of legal thought the Sovereign is made suscep-

tible of having the statute run against it if and when the legislative authority so decrees. So I would have no difficulty in eliminating this particular argument, and I so do. United States v. Harp, D.C., 80 F.Supp. 236, affirmed in 10 Cir., 173 F.2d 761. United States v. Craddock-Terry Shoe Corporation, D.C., 84 F.Supp. 842

The real question here involving the limitation on the action is, "when the cause of action accrued."

The defendant's sole contention is that the cause of action arose and the right accrued at the time when the under age minors were employed,—and that is the time when the violation occurred. That therefore the cause of action of the plaintiff is barred by the provisions of the various statutes wherein it is set out that the right to maintain an action is limited to two years after the cause of action has accrued. This being the period prescribed by the statute, and since the Portal to Portal Act does not attempt to define when a cause of action under the Walsh-Healey Act is deemed to have accrued, we must examine the latter act for the answer.

Keeping in mind that the liability herein sought to be enforced for liquidated damages is to the United States alone and that only the United States can enforce the collection thereof, it would seem that the Congress, being aware of the great amount of the business of our government and the millions of peoples with whom it did business, even in normal times, and undertaking as it was trying to do in the passage of the act to use the government's immense purchasing power to raise labor standards, appreciated the fact that it would have to set certain standards by which these inquiries could be made and a definite decision be had. It thereupon incorporated the machinery as set out therein as its yardstick enforcement by those on whose shoulders this responsibility would rest. Thus until the inquiry had been made, the findings determined, and the report filed, it would not be known that violations had come about and that action to enforce such should result. Therefore as a pre-requisite to suit for damage, a determination by the

330

Secretary of Labor that the act had been violated is necessary, and that until such determination had been legally made no cause of action existed capable of a successful prosecution. This line of reasoning is very lucidly embraced and the question seems very intelligently answered in the unusually well reasoned opinion by Judge Paul in the case of United States v. Craddock-Terry Shoe Corporation, D.C., 84 F.Supp. 842-846, wherein Judge Paul writes: "It seems the plain intendment of the statute that administrative proceedings, consisting of the hearing, the findings of fact, and the decision of the Secretary, shall be the process whereby the Secretary determines whether the United States has a claim and the amount of it; and only when this has been determined and the contractor has refused payment, is resort to be had to the courts. The administrative proceedings appear to be a prerequisite to an assertion of the claim for damages; and it would appear that not until the conclusion of these proceedings with the Secretary's decision does the Government have a right of action in the courts for collection of the damages. I am, therefore, compelled to the conclusion that in applying to actions of the instant sort the two-year limitation prescribed by the Portal-to-Portal Act, the time when the limitation begins to run is the date of the Secretary's decision asserting the claim for damages."

This same thought and a like decision is had in the case of United States v. Hudgins-Dize Company, D.C., 83 F.Supp. 593, 597, which is an action brought under the Walsh-Healey Act for the recovery of liquidated damages. "Moreover, the two-year limitation prescribed by the Portal-to-Portal Act does not bar this action. The

decision of the Secretary of Labor was made September 2, 1947, and the action was brought June 28, 1948, within one year of the Secretary's judgment. * * * But the time limitation, even if applicable to the United States, runs only from the termination of the administrative proceedings, not from the time of the nonpayment of overtime, because until that determination the United States had no cause of action."

Judge Broaddus reasoned along the same lines and arrived at a like decision in the case of United States v. Harp, 80 F.Supp. 236, 238, above set out, in which he said: "No cause of action accrues upon such determination, where the findings are conclusive in any court of the United States, until the finding or decision is made by the Secretary. When the decision or action of an administrative board creates, or is the basis of liability, the statute of limitations begins to run upon the making of the decision or the happening of the event."

The unbroken line of decisions is continued by Judge Wyche in his very well thought out opinion as reported in U. S. v. Sweet Briar, D.C., 92 F.Supp. 777-782, wherein he adopts the same line of reasoning and arrives at the same conclusions.

All of the requirements of the Act involving the administrative procedure, the findings, the report, the hearings, and the institution of the action are within the period embraced within the statute and it would appear that under the act that the cause of action of the plaintiff is not barred by the statute of limitations and that the motion for summary judgment should be granted.

It is so ordered.