UNITED STATES v. UNEXCELLED
CHEMICAL CORP. et al.

Civ. A. 87–50.

United States District Court
D. New Jersey.

June 22, 1951.

156

Alfred E. Modarelli, U. S. Atty., Newark, N. J., John J. Barry, Asst. U. S. Atty., Trenton, N. J., for plaintiff.

Lindabury, Steelman & Lafferty, Newark, N. J., Douglas H. Thayer, Talbot M. Malcolm, New York City, for defendant.

MEANEY, District Judge.

This is an action to recover liquidated statutory damages allegedly due the United States under the Walsh-Healey Act, 41 U. S.C.A. § 35 et seq. Defendant moves for summary judgment on the ground that the action is barred by the two-year period of limitation prescribed by the Portal-to-Portal Act, 29 U.S.C.A. § 255.

The pleadings disclose as undisputed facts that on April 17, 1947 the Secretary of Labor commenced an administrative proceeding charging defendant with knowingly employing minors in violation of the Walsh-Healey Act. After hearing, the trial examiner on February 25, 1949, found that defendant had knowingly employed certain minors and ordered that defendant pay the United States $15,600 as liquidated damages. The present action was instituted on January 27, 1950. The decision of the trial examiner indicates that the employment of

the alleged minors occurred during the years 1942 to 1945. The question arises therefore whether the Government's alleged cause of action accrued at the time the alleged violations occurred, or at the time the trial examiner rendered his decision.

The Walsh-Healey Act, 41 U.S.C.A. § 35, requires that contracts with the Government for the manufacture of materials in any amount exceeding $10,000 shall contain, among other representations and stipulations, the following: "That no male person under sixteen years of age and no female person under eighteen years of age and no convict labor will be employed by the contractor in the manufacture or production or furnishing of any of the materials, supplies, articles, or equipment included in such contract; * * *." The statute further provides, 41 U.S.C.A. § 36, that the breach or violation of such a stipulation "* * * shall render the party responsible therefor liable to the United States of America for liquidated damages, in addition to damages for any other breach of such contract, the sum of $10 per day for each male person under sixteen years of age or each female person under eighteen years of age, or each convict laborer knowingly employed in the performance of such contract, * * *". This section provides also that any sums due the United States may be recovered in suits brought in the name of the United States by the Attorney General. The Secretary of Labor, or an impartial representative designated by him, is authorized by the Act, 41 U.S.C.A. § 39, to hold hearings and make findings of fact with respect to alleged violations.

In United States v. Craddock-Terry Shoe Corporation, D.C.W.D.Va.1949, 84 F.Supp. 842, it was stated by way of dictum that the time when the limitation of the Portal-to-Portal Act begins to run is the date of the administrative determination. This view was based on the reasoning that the statute contemplated administrative proceedings as a prerequisite to resort to the courts. The court then went on to decide that the administrative findings were not supported by a preponderance of the evidence. On appeal the decision was affirmed with respect to the administrative findings, U.S. v. Crad-

dock-Terry Shoe Corp., 4 Cir., 178 F.2d 760; however, the Court of Appeals expressly refrained from passing on the efficacy of the defense of limitations. In United States v. Hudgins-Dize Co., D.C.E.D.Va. 1949, 83 F.Supp. 593, 597, it was held that "* * * the time limitation, even if applicable to the United States, runs only from the termination of the administrative proceedings, * * * because until that determination the United States had no cause of action." See also: United States v. Lance, Inc., D.C.W.D.N.C.1951, 95 F.Supp. 327; United States v. Sweet Briar, Inc., D.C.W.D.S.C.1950, 92 F.Supp. 777, 781.

Although the above decisions are persuasive, the court feels that the contrary result is compelled by reason of the recent decision of the Court of Appeals for this circuit in the case of McMahon v. United States, 3 Cir., 1950, 186 F.2d 227. There a similar problem was considered arising under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. and the Clarification Act, 50 U.S.C.A.App. § 1291 et seq. In that case it was said [p. 230], "A cause of action is a legal wrong, the thing which becomes a ground for suit." The court ruled the causes of action therein arose at the time of injury and were barred by the two-year limitation contained in the Suits in Admiralty Act even though the right of action, i. e. the right to institute suit, did not accrue until the termination of administrative proceedings.

The basic legal wrong of which the Government complains herein is the employment of minors in breach of the stipulation required by statute. Such a breach immediately rendered the contractor liable to the Government for liquidated damages. It was at that time that the causes of action arose. Whether or not the United States could have immediately instituted suit is not material since under the Portal-to-Portal Act, as under the Suits in Admiralty Act, it is the "cause of action" not the "right of action" which is barred by the statutory limitation.

Since it is clear, in view of the above analysis, that this action was commenced more than two years after the causes of action arose, defendant's motion will be granted.

An order may be submitted.