**UNITED STATES v. W. H. KISTLER STATIONERY CO.**
**Civ. No. 3187.**

United States District Court, D. Colorado.
April 15, 1952.

------◆------

Charles S. Vigil, U. S. Atty., Joseph N. Lilly, Asst. U. S. Atty., Denver, Colo., John A. Weiss, Jr., Francis M. Cook, Kansas City, Mo., and Reid Williams, Denver, Colo., for plaintiff.

Lewis, Grant, Newton, Davis & Henry, Denver, Colo., for defendant.

KNOUS, District Judge.

This is an action to recover liquidated statutory damages allegedly due the United States under the Walsh-Healey Act, 41 U.S.C.A., §§ 35–45. The Government has moved for summary judgment. In opposition the defendant contends, inter alia, that the action is barred by the two-year period of limitation prescribed by the Portal-to-Portal Act, 29 U.S.C.A. § 255.

The pleadings disclose as undisputed facts that on December 5, 1947, the Secretary of Labor issued a complaint charging that in the performance of two specified contracts subject to the Walsh-Healey Act, the defendant knowingly had employed several minors in violation thereof. A hearing was had before a trial examiner on May 4, 1948. Thereafter an appeal was taken by the defendant, and on July 27, 1949, the Administrator of the Wage and Hour and Public Contracts Division of the Department of Labor found that the defendant had knowingly employed certain minors and determined that because of such violation the defendant was liable to the United States in the sum of $2,130 as liquidated damages. The present action was instituted in this Court on May 3, 1950. The decision of the trial examiner found that the employment

of the alleged minors occurred during a period commencing in June of 1946 and concluding in December of that year. The contracts involved covered the period from August 1, 1945 to June 30, 1947.

The problem presented, therefore, is whether the Government's alleged cause of action accrued at the time the alleged violations occurred, or at the time of the completion of the administrative proceedings by the Labor Department.

This precise question recently has been resolved adversely to the contention of the United States by the Court of Appeals in the Fifth and Fourth Circuits, respectively, in U. S. v. Lovknit Manufacturing Co., 189 F.2d 454, and Lance, Inc., v. U. S., 190 F.2d 204. The Supreme Court denied certiorari in both cases, 342 U.S. 896, 72 S.Ct. 229. Rehearings were denied, 342 U.S. 915, 72 S.Ct. 287. The District Court for the District of New Jersey, Meaney, J., also in 1951, held in U. S. v. Unexcelled Chemical Corp., 99 F.Supp. 155, that the two-year limitation period prescribed by the Portal-to-Portal Act began to run at the time of the alleged violation of the Walsh-Healey Act and not from the time the trial examiner rendered his decision finding such violation.

The Court of Appeals of the Fourth Circuit expressly based its decision in Lance, Inc., v. U. S., supra, upon the holding of the Fifth Circuit Court of Appeals in U. S. v. Lovknit Manufacturing Co., supra.

In their presentation here, counsel for the United States vigorously challenge the soundness of the Lovknit decision and argue that it is squarely in conflict with the decision in the Second Circuit in Perkins v. Endicott Johnson Corp., 128 F.2d 208, and is at variance with certain pronouncements of the Supreme Court made in affirming the last-mentioned case, Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424, as well as with the views of a three-judge court in the Ninth Circuit in Anderson v. Schwellenbach, D.C., 70 F. Supp. 14.

The court inferred from the arguments here that these same points were unsuccessfully urged upon the Supreme Court in

**18**

support of the Government's application for certiorari, and following its denial for rehearing thereon in the Lovknit and Lance cases, supra. The court's own examination of the opinions in the Endicott Johnson and Anderson cases discovered nothing which militates against the logic and soundness of the opinion of Judge Sibley in the Lovknit case, with which the court expresses accord.

In so concluding, the court is not unmindful of the circumstance that in 1948, in the case of U. S. v. Harp, 80 F.Supp. 236, Judge Broaddus of the District Court for the Western District of Oklahoma decided that a cause of action of the nature of the one here in consideration did not accrue until the decision of the Labor Department had been filed. However, upon review, the Court of Appeals of this Circuit did not follow the theory of the District Court, but affirmed, 173 F.2d 761, 763 on the basis that having been instituted less than 120 days after the Portal-to-Portal Act became effective, the action had been begun within the grace period fixed in section 6(c) of the Act, 29 U.S.C.A. § 255, and that a previously inapplicable Oklahoma Statute of Limitations did not bar the suit. It is of interest to note, as appears from the opinion of Judge Bratton, that in reaching such conclusion the Court of Appeals assumed "without so deciding", which was unnecessary in the disposition made, "that the cause of action pleaded in the complaint accrued at the time of the employment of the girls in violation of the contract and of the Act, not upon the decision of the Secretary of Labor or his representative".

These intimations seem to the court to express accord with, rather than dissent from the conclusions of the Fourth and Fifth Circuits hereinabove mentioned.

Accordingly, and for the reasons hereinabove assigned, the court is convinced that this action was not commenced within the period permitted by the statute. Patently, in these circumstances the motion of the Government for summary judgment must be denied and the action dismissed.

It is, therefore, ordered that the complaint and the cause of action therein alleged be and the same hereby are dismissed.