## HARP v. UNITED STATES.
### No. 3794.

United States Court of Appeals
Tenth Circuit.
March 28, 1949.
Rehearing Denied April 26, 1949.

John L. Goode, of Shawnee, Okl. (Mark Goode, of Shawnee, Okl., on the brief), for appellant.

Bessie Margolin, Asst. Sol., of Washington, D. C. (Robert E. Shelton, U. S. Atty., and Haskell B. Pugh, Asst. U. S. Atty., both of Oklahoma City, Okl., William S. Tyson, Sol., of Washington, D. C., Earl Street, Regional Atty., of Dallas, Tex., and William A. Lowe and Joseph M. Stone, Attys., U. S. Department of Labor, both of Washington, D. C., on the brief), for Appellee.

Before PHILLIPS, Chief Judge, BRATTON, Circuit Judge, and SAVAGE, District Judge.

BRATTON, Circuit Judge.

Section 1 of the Act of June 30, 1936, 49 Stat. 2036, 41 U.S.C.A. § 35 et seq., commonly called the Walsh-Healey Act, provides in presently material part that in any contract made and entered into by any executive department, independent establishment, or other agency or instrumentality of the United States, for the manufacture or furnishing of materials and supplies in any amount exceeding $10,000 there shall be included a provision that no female person under eighteen years of age will be employed by the contractor in the manufacture or production or furnishing of any of such materials and supplies. Section 2 provides that any breach or violation of any of the stipulations in any contract for the purposes set forth in section 1 shall render the party responsible therefor liable to the United States for liquidated damages, in addition to damages for any other breach, the sum of $10.00 per day for each

762

female person under eighteen years of age knowingly employed in the performance of the contract. It further provides that any sums due the United States by reason of a violation of any of the stipulations set forth in section 1 may be withheld from amounts due on any such contracts or may be recovered in suits brought in the name of the United States by the Attorney General. Section 4 authorizes the Secretary of Labor to administer the Act and to make rules and regulations necessary to carry out its provisions. Section 5 provides that upon his own motion, or on complaint of a breach or violation of any stipulation as therein provided, the Secretary or any impartial representative designated by him shall have power to hold hearings; that he shall make findings of fact after notice and hearings; that such findings shall be conclusive upon all agencies of the United States; that if supported by the preponderance of the evidence, such findings shall be conclusive in any court of the United States; and that the Secretary or any authorized representative shall have power and authority to make such decisions, based upon findings of fact, as are deemed necessary to enforce the provisions of the Act. And section 6 empowers the Secretary to make exceptions in specific cases respecting the inclusion in a proposal or contract of the representations and stipulations set forth in section 1 of the Act. The rules of practice promulgated by the Secretary under the authority vested in him by section 4 of the Act provide that the Secretary or his duly authorized representative may institute administrative proceedings to determine whether the Act has been violated; that in the event a complaint is issued by the Government a full administrative hearing may be had before a trial examiner; and that the trial examiner shall make an order and decision embodying his findings of fact and conclusions of law on all issues in the case. Provision is made to petition for review of the examiner's decision by the Administrator of the Wage and Hour and public Contracts Divisions of the Department of Labor. And the right is also given to petition for review of the Administrator's decision by the Secretary, but in the absence of a petition for such re-view the decision of the Administrator becomes final. 11 F.R. 14,493.

Section 6 of the Act of May 14, 1947, 61 Stat. 84, 87, 29 U.S.C.A. § 255, hereinafter referred to as the Portal Act, provides:

"Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after the date of the enactment of this Act—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to the date of the enactment of this Act—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within on hundred and twenty days after the date of the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

Between October 15, 1943, and January 12, 1945, O. G. Harp, engaged in business at Shawnee, Oklahoma, under the trade name of O. G. Harp Poultry and Egg Company, entered into a series of eighteen contracts with the War Department for the sale and delivery of canned poultry. Each contract was for an amount in excess of $10,000, and each contained a provision incorporating therein by reference the terms and provisions of the Walsh-Healey Act. After completion of the contracts, the Secretary of Labor issued a complaint charging that Harp breached the contracts

and violated the Act by knowingly employing girls under sixteen years of age, and also by hiring girls under eighteen years of age for periods of more than eight hours a day in violation of the terms of the Act and the terms of an exemption order issued by the Secretary. After notice, a hearing was held by a duly appointed trial examiner. The examiner made detailed findings and conclusions of law and recommended that $13,030 be collected from Harp as liquidated damages for the violations of the Act and the terms of the exemption issued pursuant thereto. Exceptions were interposed, and the matter came before the Administrator of the Wage and Hour and Public Contracts Divisions. After reviewing the record, the Administrator entered a decision upholding the findings of the trial examiner but determining that Harp was liable to the United States only in the amount of $6,970, which sum he was ordered to pay. Harp did not seek review of the Administrator's decision by the Secretary, and it therefore became final. On failure of Harp to make payment of the amount found to be due, the United States filed this action under section 2 of the Act. The complaint alleged the making of the contracts, the issuance of the complaint by the Secretary, the administrative determination of the amount due, and the nonpayment of such amount. By answer, Harp pleaded that the complaint failed to state a claim upon which relief could be granted; that the contracts were not covered by the Walsh-Healey Act; that the decision of the Administrator had no binding force and effect and was void; and that action was barred by limitations. The United States filed a motion for summary judgment, based upon the pleadings in the case and the record of the proceedings before the Department of Labor. A transcript of the hearings before the trial examiner, the findings of fact and conclusions of law and recommendations of the examiner, and the findings and order of the Administrator were attached to the motion. Summary judgment in the amount of $6,970 was entered for the United States, and Harp appealed.

It is insisted that the cause of action for liquidated damages under the Walsh-Healey Act accrues upon the breach of the contract; that the cause of action pleaded in the complaint herein accrued at the time the several girls were employed and worked; that the cause of action was barred by limitations; and that the court erred in refusing to sustain the plea of limitations. For purposes of this case, it may be assumed without so deciding that the cause of action pleaded in the complaint accrued at the time of the employment of the girls in violation of the contract and of the Act, not upon the decision of the Secretary of Labor or his representative; and it may also be assumed without so deciding that section 6 of the Portal Act has application to an action of this kind instituted by the United States for liquidated damages under the Walsh-Healey Act. All of the violations which are the subject of this action took place prior to the date on which the Portal Act became effective. The suit was instituted less than one hundred and twenty days after the Act took effect. And therefore it was begun within the grace-period fixed in section 6(c) of such Act.

In an effort to avoid the conclusion that the suit was instituted within the time allowed by section 6(c) of the Portal Act, it is argued that at the time the suit was begun it was barred by an applicable statute of limitation of Oklahoma. It is well settled that in ordinary circumstances state statutes of limitation are not applicable to actions brought by the United States. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Nashville, Chattanooga and St. Louis Railway Company, 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; Chesapeake and Delaware Canal Company v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889; United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; Guaranty Trust Co. v. United States, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224; Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. It lies within the power of Congress to provide by act that state statutes of limitation shall have application to suits instituted by the United States. But statutes of limitation sought

to be applied to bar rights of the United States must be strictly construed in favor of the United States. E. I. Dupont De Nemours & Co. v. Davis, 264 U.S. 456, 44 S. Ct. 364, 68 L.Ed. 788.

■ Section 6(c) of the Portal Act does not provide expressly or by fair implication that state statutes of limitation not previously applicable shall have application to suits of this kind instituted by the United States for the recovery of liquidated damages under the Walsh-Healey Act. It refers to state statutes of limitation having application at the time of the enactment of the Portal Act. And it merely provides that where a state statute is applicable and prescribes a period less than two years it shall continue to be applicable, and if it already barred the action to which it applies, the action shall not be revived. Since at the time of the enactment of the Portal Act state statutes of limitation were not applicable to suits brought by the United States for the recovery of liquidated damages under the terms of the Walsh-Healey Act, section 6(c) did not have the effect of making the state statutes of limitation of Oklahoma applicable to this action.

■ The further contention is that the court erred in holding that the findings and decision of the Administrator of the Wage and Hour and Public Contracts Division of the Department of Labor were conclusive in this action. It is argued in support of the contention that the Administrator assessed liquidated damages in part on the basis of violation of the Walsh-Healey Act; that there is no authority to assess damages on that basis; that damages were also assessed in part for violation of the conditions contained in the order of exemption of the Secretary; and that there is no authority for the assessment of liquidated damages on that basis. The order of exemption issued by the Secretary authorized the employment in certain industries, including that of processing of food, of girls sixteen and seventeen years of age but provided that they should not be employed for more than eight hours per day and required the keeping on file of certificates of age of such girls. The findings of the examiner, adopted by the Administrator, listed the contracts, named the minors employed, specified their ages, and set out the days and dates on which they worked. And as to the girls sixteen and seventeen years of age it was found that some had been employed for more than eight hours a day and that records had not been kept in compliance with the conditions contained in the order of exemptions. Based upon these findings, it was concluded in effect that Harp was liable under the Act for liquidated damages for breaches of the contracts. It was not concluded that he was liable for breaches of the certificate of exemption. The findings and conclusions were sufficient to comply with the Act. The trial court was warranted in finding that they were supported by a preponderance of the evidence. And section 5 of the Act expressly provides in language too clear for doubt that where the findings comply with the requirements of the Act and are supported by a preponderance of the evidence, they shall be conclusive in a case of this kind.

The judgment is affirmed.