**LANCE, Inc. v. UNITED STATES.**

No. 6263.

United States Court of Appeals,
Fourth Circuit.

Argued June 15, 1951.

Decided June 18, 1951.

Frank H. Kennedy, Charlotte, N. C., for appellant and cross-appellee.

Melvin Richter, Attorney, Department of Justice, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Thomas A. Uzzell, Jr., U. S. Atty., Ashville, N. C., Francis H. Fairley, Asst. U. S. Atty.,

Charlotte, N. C., Samuel D. Slade, Arthur W. Murphy and George F. Foley, Attorneys, Department of Justice, all of Washington, D. C., on the brief), for appellee and cross-appellant.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are cross appeals from a judgment in favor of the United States for the recovery of damages under the Walsh-Healey Act of June 30, 1936, 49 Stat. 2036, 41 U.S.C.A. §§ 35–45. The appeal of the United States complains because interest was awarded only from the institution of the action, the appeal of the defendant because the action was not held barred by the two-year statute of limitations imposed by section 6 of the Portal-to-Portal Act of May 14, 1947, 61 Stat. 87, 29 U.S.C.A. § 255. It is not necessary to pass upon the interest point, since we are satisfied that the maintenance of the action is barred by the statute of limitations relied on. The employments upon which the action is based were in the year 1945. The action was not instituted until 1949, more than four years later. The government contends that the cause of action did not accrue until the Public Contracts Administrator made his report with respect to the matter, which was in 1949, only a few months before the action was instituted. The judge below so held, which was in accordance with the holdings in several District Court decisions. Since then the Court of Appeals of the Fifth Circuit, after a careful review of the matter, has held to the contrary in an able opinion by Judge Sibley in United States v. Lovknit Mfg. Co., Inc., 5 Cir., 189 F.2d 454. We are in accord with this holding and think that nothing need be added to what was said by Judge Sibley. The judgment appealed from is accordingly reversed.

Reversed.