## UNITED STATES v. UNEXCELLED CHEMICAL CORP.

### No. 10612.

United States Court of Appeals Third Circuit.

Argued March 18, 1952.

Decided April 29, 1952.

Morton Liftin, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Grover C. Richman, Jr., U. S. Atty., Newark, N. J., John J. Barby, Asst. U. S. Atty., Trenton, N. J., Samuel D. Slade, Washington, D. C., Attys., Department of Justice, on the brief), for appellant.

Talbot M. Malcolm, Newark, N. J. (Lindabury, Steelman & Lafferty, Douglas H. Thayer, Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

We are asked to decide whether the two year statute of limitations provided in Section 6 of the Portal-to-Portal Act of 1947, 61 Stat. 87, 29 U.S.C.A. § 255, is applicable to actions by the United States to enforce the child labor provisions of the Walsh-Healey Act. We hold that the limitation period is not applicable.

The basis of this action is the knowing employment by defendant of minors in the performance of government contracts in violation of the Walsh-Healey Act, 49 Stat. 2036–2039, 41 U.S.C.A. §§ 35–45. Pursuant to Section 5 of that Act, the Secretary of Labor issued a complaint on April 17, 1947, charging defendant with numerous child-labor violations during the years 1942–1945. After a hearing, as provided by statute, the hearing examiner rendered a decision on February 25, 1949, in which he found that defendant had wrongfully employed minors for a total of 1560 days and was indebted to the United States in the sum of $15,600 as liquidated damages. In January 1950, the Attorney General instituted this action by a complaint filed in the District Court for the District of New Jersey. Upon motions for summary judgment by both parties, the district court held the action barred by the two year limitation period of Section 6 of the Portal-to-Portal Act.[1]

Section 6 of the Portal-to-Portal Act reads as follows:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or *liqui-*

---

1. United States v. Unexcelled Chemical Corp., D.C.N.J., 1951, 99 F.Supp. 155.

*dated damages,* under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.]—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods * * *." 61 Stat. 87, 29 U.S.C.A. § 255 (emphasis supplied).

▆▆ The crucial issue before us is one of statutory construction: Does the term "liquidated damages" as used in the above section refer to liquidated damages generally or merely to liquidated damages in connection with unpaid minimum wages and unpaid overtime compensation? Our study of the Portal-to-Portal Act in its entirety and its legislative history has convinced us that the clearly manifested intent of Congress was to place a limitation period only on actions for unpaid minimum wages and unpaid overtime compensation and (when permitted by law) any sums recoverable as liquidated damages in such actions. To interpret Section 6 as comprehending suits for liquidated damages by the Attorney General to enforce the child labor provisions of the Walsh-Healey Act would, in our opinion, radically distort the intent of Congress.

The Walsh-Healey Act of 1936 was enacted to harness the leverage effect of the government's immense purchasing power in the interest of higher labor standards. Endicott Johnson Corp. v. Perkins, 1943,

317 U.S. 501, 507, 63 S.Ct. 339, 87 L.Ed. 424. Section 1 of the Act provides that certain representations and stipulations must be included in all contracts with the government for "the manufacture or furnishing of materials, supplies, articles, and equipment in any amount exceeding $10,000". The contractor must agree that all persons employed in the performance of the contract be paid not less than minimum wages as determined by the Secretary of Labor to be the prevailing minimum wages for persons employed in similar work in the same locality. No more than 8 hours of work a day or 40 hours a week are permitted, subject to certain exceptions. And, more pertinent to our problem here, the employment of boys under 16 and girls under 18 is prohibited. Section 2 of the Act fixes the liability for any breach of the stipulations and representations of the contract and authorizes the Attorney General to institute suits for damages. Violation of the child labor provisions renders the contractor liable in liquidated damages to the United States in the sum of $10 a day for each minor wrongfully employed. Breach of the minimum wage and maximum hour stipulations renders the contractor liable for the amount of the underpayment due the employee which sums are held in a special deposit account by the Secretary of Labor to be paid directly to the underpaid employees. The $10 a day in liquidated damages for the wrongful employment of a minor, however, does not inure even indirectly to the benefit of the minor and is thus realistically a penalty imposed by the United States to enforce the compelling public interest in safeguarding the health of our children.

Two years after the Walsh-Healey Act was passed, Congress enacted the Fair Labor Standards Act, 52 Stat. 1060–1069, 29 U.S.C.A. §§ 201–219, which, *inter alia,* fixes minimum wage rates and maximum hours for employees engaged in commerce or in the production of goods for commerce,[2] and prohibits shipments in interstate commerce of goods produced in an establishment where oppressive child labor

---

2. 52 Stat. 1062–1064, 29 U.S.C.A. §§ 206–208.

has been employed.[3] The United States is empowered to enforce the provisions of the Act by criminal prosecutions for willful violations[4] and by seeking injunctive relief.[5] In the case of violations of the minimum wage and overtime provisions, the employee is granted the right to recover from his employer the amount of the underpayment plus an additional equal amount as liquidated damages.[6] But no analogous right is given to minors employed in violation of the child labor provisions, which are enforceable solely by the United States.

The Portal-to-Portal Act of 1947 was a manifestation of Congressional reaction[7] to the decision of the Supreme Court in Anderson v. Mt. Clemens Pottery, 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. The Court there held that time spent by employees walking to work on the employer's premises and time engaged in certain preliminary activities should be included in the compensable workweek, subject to the possible application of the *de minimis* rule. Section 1 of the Portal-to Portal Act sets forth at length the findings of Congress and a declaration of policy. The pertinent portion of this Section is as follows:

"(a) The Congress finds that the Fair Labor Standards Act of 1938, as amended, has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others * * *; (4) employees would receive windfall payments, *including liquidat-*

*ed damages,* of sums for activities performed by them without any expectation of reward beyond that included in their agreed rates of pay; * * *.

"The Congress further finds that the varying and extended periods of time for which, under the laws of the several States, potential retroactive liability may be imposed upon employers, have given and will give rise to great difficulties in the sound and orderly conduct of business and industry.

"The Congress further finds and declares that all of the results which have arisen or may arise under the Fair Labor Standards Act of 1938, as amended, as aforesaid, may (*except as to liability for liquidated damages*) arise with respect to the Walsh-Healey and Bacon-Davis [40 U.S.C.A. § 276a et seq.] Acts and that it is, therefore, in the national public interest * * * that this Act shall apply to the Walsh-Healey Act and the Bacon-Davis Act." 29 U.S.C.A. § 251. (Italics supplied.)

The findings contain not a word about the child labor provisions of either the Fair Labor Standards Act or the Walsh-Healey Act. The committee reports and the debates in both houses are equally silent on the subject. The term "liquidated damages" is first used in subsection (a)(4) of section 1, which is reproduced above. By this statement in the findings and declaration of policy, Congress thus initially makes it clear that the "liquidated damages" with which it is concerned are those recoverable in suits under the Fair Labor Standards Act for unpaid minimum wages and overtime compensation. Later in its findings, Congress declares that the same dangers which have arisen under the Fair Labor Standards Act "may (*except as to liability for liquidated damages*) arise with respect to the Walsh-Healey and Bacon-Davis Acts". This is a clear recognition by Con-

---

3. 52 Stat. 1067, 29 U.S.C.A. § 212.

4. 52 Stat. 1069, 29 U.S.C.A. § 216(a).

5. 52 Stat. 1069, 29 U.S.C.A. § 217.

6. 52 Stat. 1069, 29 U.S.C.A. § 216(b).

7. See § 1 of the Act, 61 Stat. 84, 29 U.S.C.A. § 251 and House Rep. No. 71, 80th Cong., 1st Sess., U.S.Code Cong.Serv. 1947, pp. 1029, 1030.

gress that the minimum wage and maximum hours provisions of the Walsh-Healey Act do not allow recovery for an additional sum as liquidated damages. But how do we reconcile· the parenthetical statement with the provision in the Walsh-Healey Act fixing $10 a day in liquidated damages for child labor, violations? Either the parenthetical statement must be dismissed as baldly erroneous or we must conclude that the child labor provisions of the Walsh-Healey Act were completely beyond the scope of the Portal-to-Portal Act. Every manifestation of Congressional intent points unerringly toward the latter interpretation. The Act itself is the best evidence. Other uses of the term "liquidated damages" in the Act are consistent with a limited scope. Sections 3(b) and 11, 29 U.S.C.A. §§ 253 (b) and 260, refer only to liquidated damages under the Fair Labor Standards Act.[8] Even more revealing is an analysis of the sections which do not specifically employ the term. Sections 9 and 10 are particularly illuminating for, like the limitation of action section, they are broad provisions which go beyond the narrow problem of portal-to-portal suits. The pertinent part of Section 9 is as follows:

> "In any action or proceeding commenced prior to or on or after May 14, 1947 based on any act or omission prior to May 14, 1947, *no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation* under the Fair Labor Standards Act of 1938 as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and

proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States * * *." 29 U.S.C.A. § 258. (Emphasis supplied.)

Section 10 is a similar provision for acts or omissions subsequent to May 14, 1947. The effect of these sections is to make good faith reliance on administrative rulings a defense both in civil actions and in criminal prosecutions in which the gravamen of the action is the employer's failure to pay minimum wages or overtime compensation.[9] Although the term "liquidated damages" is not specifically mentioned, liability for liquidated damages under the Fair Labor Standards Act is clearly included within the purview of these sections since such liability is derived from the "failure of the employer to pay minimum wages or overtime compensation". But broad as these sections are, they are limited to the area of minimum wages and maximum hours, and do not even purport to relate to violations of the child labor provisions of either the Fair Labor Standards Act or the Walsh-Healey Act. Sections 9 and 10 thus represent convincing evidence of the intended scope of the Portal-to-Portal Act.

Inclusion of the Walsh-Healey and Bacon-Davis Acts in the Portal-to-Portal Act was sharply attacked by several Senators on the floor of the Senate.[10] Senator Donnell, who was chairman of the subcommittee which considered the bill and who guided the legislation through the Senate, stated in reply that these two Acts

---

8. Cf. the use of the term "liquidated damages" in § 2(e), 29 U.S.C.A. § 252(e): "No cause of action based on unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, which accrued prior to May 14, 1947, or any interest in such cause of action, shall hereafter be assignable, in whole or in part, to the extent that such cause of action is based on an activity which was not compensable within the meaning of subsections (a) and (b) of this section." This subsection can

have no possible application to actions by the United States. But even were we to assume some applicability to actions by the· United States under the Walsh-Healey Act, "liquidated damages" must necessarily be interpreted to refer only to liquidated damages in connection with actions for unpaid minimum wages and unpaid overtime compensation under · the Fair Labor Standards Act.

9. See Statement of House Managers, House Rep. No. 326, p. 15.

10. See 93 Cong.Rec. 2247, 2250–2255, 2288–2289, 2352–2353, 2355, 2358.

were included to make certain that they would not be utilized to circumvent the amendments to the Fair Labor Standards Act.[11] He feared that employees whose actions under the Fair Labor Standards Act were frustrated by the amendments then enacted would demand that the government institute actions for their benefit under the Walsh-Healey Act. The Walsh-Healey and Bacon-Davis Acts were thus included in the Portal-to-Portal Act to prevent flanking attacks designed to nullify the effect of the amendments to the Fair Labor Standards Act. Section 1 of the Portal-to-Portal Act similarly manifests this intent in stating that the same evils resulting from the interpretation of the Fair Labor Standards Act "may (except as to liability for liquidated damages) arise with respect to the Walsh-Healey and Bacon-Davis Acts * * *."[12] The Fair Labor Standards Act was the absorbing concern of Congress. Having decided to make modifications in that Act, Congress then merely made corresponding changes in the Walsh-Healey and Bacon-Davis Acts. Since the Portal-to-Portal Act in no way amends the child labor provisions of the Fair Labor Standards Act, the amendments to the Walsh-Healey Act must be similarly limited.[13]

A study of the legislative history of the Portal-to-Portal Act makes our conclusion even more compelling. The following are portions of the bill (H.R. 2157, as amended) originally passed by the Senate:[14]

"The Congress further finds and declares that all of the results which have arisen or may arise under the Fair Labor Standards Act of 1938, as amended, as aforesaid, may (*except as to liability for attorney's fees and, in the case of the Bacon-Davis Act, for liquidated damages*) arise with respect to the Walsh-Healey and Bacon-Davis Acts * * *.

"Section 9. Limitations: The Fair Labor Standards Act of 1938, as amended, is further amended by adding at the end of Section 16 the following new subsection:

" '(c)(1) Every claim under this act for unpaid minimum wages, unpaid overtime compensation, or an additional amount as liquidated damages, * * * shall be forever barred unless, within 2 years after such claim accrued, suit to enforce such claim is commenced * * *.'

"(b)(1) Every claim under the Walsh-Healey Act or the Bacon-Davis Act or [*sic*] *unpaid minimum wages or unpaid overtime compensation, and under the Walsh-Healey Act for an additional amount as liquidated or other damages*, * * * shall be forever barred unless, within 2 years after such

11. See 93 Cong.Rec. p. 2363.

12. See also Report of the House Committee on the Judiciary, Rep. No. 71, 80th Cong., 1st Sess., U.S.Cong.Serv.1947, pp. 1029, 1033: "The Walsh-Healey Act also concerns itself in its field with minimum wages and overtime compensation. The Bacon-Davis Act has provisions relating to minimum wages and other conditions of employment. These two acts are therefore affected by the Mount Clemens decision. The situation described herein as to the Fair Labor Standards Act applies to that existing under the Walsh-Healey Act and the Bacon-Davis Act. The same necessity exists there for remedial legislation."

13. The scope of the limitation of action provision was apparent to those who guided the bill through Congress. Note the following statements by Representa-

tive Gwynne and Senator Wiley. Representative Gwynne: "Let us bear in mind that this limitation applies *only* to statutory actions, which seek to recover not only minimum wages or the overtime compensation but an additional amount as liquidated damages, and attorneys' fees and costs." 93 Cong.Rec. 1557. (Italics supplied.) Senator Wiley: "Section 9(b) provides, similarly, a 2-year Statute of Limitations as to *such wage claims* when they are brought under the Walsh-Healey Act or Bacon-Davis Act." 93 Cong.Rec. 2086. (Italics supplied.) Representative Gwynne introduced H.R. 2157 and was one of the House Managers. Senator Wiley was chairman of the Senate Judiciary Committee to which H. R. 2157 was referred.

14. The text of this bill is set forth in full at 93 Cong.Rec. 2375–2377.

claim accrued, suit to enforce such claim is commenced * * *." (Emphasis supplied.)

An examination of the portions of the Senate bill cited above reveals that the bill was based on a misconception, viz., that in actions for unpaid minimum wages and overtime compensation under the Walsh-Healey Act, an additional amount is recoverable as liquidated damages. The error was apparently discovered by the conference committee, which proceeded to make two changes in the bill. First, the parenthetical statement in Section 1 was changed to the version enacted into law. The committee thus recognized that neither the Bacon-Davis Act nor the Walsh-Healey Act allowed recovery of additional sums as liquidated damages in connection with suits for minimum wages and overtime compensation. The clause prescribing a limitation period for claims under the Walsh-Healey Act likewise had to be altered. In making the change, the conference committee merely combined the limitation of action provisions relating to all three acts and simplified the language. In so doing, the present Section 6 was created. Under the limitation provision as originally passed by the Senate, the present action for wrongful employment of minors would not be barred since the reference to "liquidated and other damages" clearly relates to actions for unpaid minimum wages and overtime compensation. The same result was intended to flow from Section 6 of the Portal-to-Portal Act as enacted.

In so construing the Portal-to-Portal Act, we are fully cognizant of the fact that the Courts of Appeals for the Fourth and Fifth Circuits have reached the opposite conclusion. See United States v. Lovknit Mfg. Co., 5 Cir., 1951, 189 F.2d 454, certiorari denied 342 U.S. 896, 72 S.Ct. 229, United States v. Lance, 4 Cir., 1951, 190 F.2d 204, certiorari denied 342 U.S. 896, 72 S. Ct. 229. We do note, however, that the violations complained of in the Lovknit case comprised not only the wrongful employment of minors but also the failure to pay proper overtime compensation. The construction of Section 6 of the Portal-to-Portal Act here adopted apparently was not advanced in either of the above cases, the government contending that Section 6 does not apply to any action by the United States. If the construction we are adopting had been urged before those courts, different results might have ensued. With all due respect to our brethren of the Fourth and Fifth Circuits, we conclude that actions by the United States to enforce the child labor provisions of the Walsh-Healey Act are not barred by the two-year limitation period of the Portal-to-Portal Act.

The judgment of the district court will be reversed. The cause will be remanded to the district court for further proceedings not inconsistent with this opinion. ·