# UNITED STATES v. W. H. KISTLER STATIONERY CO.

## No. 4520.

United States Court of Appeals
Tenth Circuit.

Dec. 26, 1952.

Holmes Baldridge, Asst. Atty. Gen., Charles S. Vigil, U. S. Atty., Denver, Colo., Morton Liftin, Paul A. Sweeney and George F. Foley, Attys., Department of Justice, Washington, D. C., were on brief, for appellant.

Mason A. Lewis, Donald S. Stubbs, Denver, Colo., and Donald W. Hoagland, New York City, were on brief, for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The question presented on this appeal is whether the two-year limitations in Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 255, 61 Stat. 87, are applicable to this claim for liquidated damages under Section 2 of the Walsh-Healey Act, 41 U.S.C.A. §§ 35–45, 36, 49 Stat. 2037, for violations of the child-labor provisions of Section 1(d), 49 Stat. 2036 of the same Act.

Section 6 of the Portal-to-Portal Act pertinently provides that "Any action * * * to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under * * * the Walsh-Healey Act * * * shall be forever barred unless commenced within two years after the cause of action accrued". This suit was brought by the United States against the appellee in May 1950, for violations alleged to have occurred in 1946.

Following United States v. Lovknit Mfg. Co., 5 Cir., 189 F.2d 454, certiorari denied 342 U.S. 915, 72 S.Ct. 287; and Lance v. United States, 4 Cir., 190 F.2d 204, certiorari denied 342 U.S. 915, 72 S.Ct. 287, the trial court held the limitations applica-

ble, dismissed the suit, and entered judgment, from which the government has appealed. Relying upon the rule that statutes of limitation are not applicable to the United States in the absence of express language, it is argued that since the United States is not specifically mentioned in the statute as one of the parties against whom the limitations are to run, the courts should not construe it as including the United States.

 This identical contention was made and conclusively answered in the Lovknit case. The court pointed out that the Walsh-Healey Act related only to government business, and that the right of action granted under the Act belonged to the government alone; and that since Section 6 of the Portal-to-Portal Act makes specific reference to causes of action for liquidated damages under the Walsh-Healey Act, Congress undoubtedly intended to make the limitations applicable to suits by the government for liquidated damages granted by the Act. This view was adopted per curiam in the Lance case. See also United States v. Harp, D.C., 80 F.Supp. 236, 239, affirmed, 10 Cir., 173 F.2d 761. A contrary conclusion was reached in United States v. Unexcelled Chemical Corp., 3 Cir., 196 F.2d 264. That court construed the limitations in Section 6 of the Portal-to-Portal Act as being inapplicable to the child-labor provisions of the Walsh-Healey Act. In doing so, it relied upon the legislative history and Congressional policy rather than what seems to us to be the inescapably clear language of the Act. And moreover, it is significant that on October 27, last, certiorari was granted.

 The government also takes the position that the cause of action did not accrue until after final administrative determination of liability under Section 5 of the Walsh-Healey Act, which occurred within two years next preceding the bringing of this suit. Otherwise stated, the position of the government is that administrative determination of the liquidated damages under the Walsh-Healey Act is a prerequisite to the bringing of suit in the district court, and the cause of action surely would not accrue until the government could bring the suit in the district court.

This contention was also made and rejected in the Lovknit and Lance cases, where administrative hearings in the Public Contract Division of the Department of Labor were distinguished from administrative hearings and determinations under the Price Control Act, under which it was the function of the court merely to enforce the administrative determinations. See Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L. Ed. 815; United States v. Wurts, 303 U. S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Fisher v. Whiton, 317 U.S. 217, 602, 63 S.Ct. 175, 87 L.Ed. 223.

Sections 4 and 5 of the Walsh-Healey Act authorize the Secretary of Labor to conduct hearings and make findings of fact and orders with respect to liquidated damages for violation of the Act. These findings are conclusive upon all agencies of the United States, and if supported by a preponderance of the evidence, are conclusive in any court of the United States. See Section 5. But Section 2 of the Act provides that any breach or violation of a statutory public contract shall render the party liable to the United States for liquidated damages, to be recovered by either withholding the amounts due the United States by reason of the violation, or in suits brought in the name of the United States by the Attorney General.

There is nothing in the Act to indicate, or from which it can be inferred, that an administrative determination of a contractee's liability under the Act is a prerequisite to the maintenance of a suit by the United States. Indeed, there is nothing in the Act to indicate that the administrative findings of the Secretary are more than admissible evidence in the judicial determination of the ultimate question of liability and the extent thereof. An Administrative hearing may be held and findings of fact made while the suit is pending, and such findings may be used in the trial, but "this machinery is not a prerequisite to the Attorney General's suit". United States v. Lovknit Mfg. Co., supra, 189 F.2d at page 458.

The government relies upon Endicott Johnson Corp. v. Perkins, 317 U.S. 501,

63 S.Ct. 339, 87 L.Ed. 424 involving a construction of the Walsh-Healey Act. But the only issue before the court there was the power of the district court to enforce the attendance of witnesses upon the administrative hearing before determination of liability. It lends no support to the contention that an administrative determination is prerequisite to the maintenance of an authorized suit by the Attorney General.

We agree with the trial court that the statute is applicable to the cause of action asserted and that it bars the suit.

The judgment is affirmed.