**UNITED STATES of America,**
Appellant,

v.

**Keith L. WINEGAR, individually and doing business as Intermountain Oil Distributors, Appellee.**

**No. 5749.**

United States Court of Appeals
Tenth Circuit.

April 19, 1958.

B. Jenkins Middleton, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, and Morton Hollander, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Calvin L. Rampton, Salt Lake City, Utah, was on the brief for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and RICE, District Judge.

BRATTON, Chief Judge.

Invoking pertinent provisions of the so-called Walsh-Healey Act, 49 Stat. 2036, as amended, 41 U.S.C.A. § 35 et. seq., the United States instituted this action against Keith L. Winegar, individually and doing business as Intermountain Oil Distributors, to recover liquidated damages for failure and refusal to pay overtime rates of compensation for overtime work. It was pleaded in the complaint that the Government awarded to the defendant five contracts for the furnishing of fuel oil; that the contracts were subject to the terms of the Act; that the defendant failed and refused to pay to persons employed in the performance of the contracts overtime rates of compensation for overtime work; and that the defendant was liable to the United States in liquidated damages equal to the amount of the underpayment of wages due such employees. And it was further pleaded that the Under Sec-

retary of Labor had signed a complaint alleging breaches of the contract and violations of the Act, thereby initiating an administrative proceeding against the defendant pursuant to section 5 of the Act; that such proceeding had been assigned to a hearing examiner; that after public hearing, findings of fact would be made; that upon becoming final, the findings would be conclusive upon the court, if supported by the preponderance of the evidence; and that upon becoming final, such findings would be filed in this cause, together with a certified copy of the record made in the administrative proceeding. The prayer of the complaint was that the court order a stay of further proceedings in the cause until completion of the administrative proceeding, the making therein of findings of fact, and the filing in this cause of a copy of the findings together with a copy of the certified record; and that upon final hearing judgment be rendered in favor of the United States for the sum of the liquidated damages. After pleading in its answer certain defenses to the cause of action set forth in the complaint, the defendant prayed that the court stay further proceedings in the cause until completion of the administrative proceeding. At the conclusion of a pre-trial hearing, the court entered judgment dismissing the action without prejudice upon the stated ground that the matter involved in the action was the subject of proceedings then currently pending before the Wage and Hour Division of the Department of Labor; that the administrative remedies of the Government had not been exhausted as required by the provisions of 5 U.S.C.A. § 1009(c) in that there had been no final agency action which was subject to judicial review; and that the Government did not then have a cause of action upon which suit could be brought.

■ Section 1 of the Walsh-Healey Act, 41 U.S.C.A. § 35, provides among other things that any contract made with an agency of the United States for manufacture or furnishing materials, equipment, and supplies in excess of $10,000 shall contain certain stipulations in respect to wages and hours of work. Section 2, 41 U.S.C.A. § 36, provides in presently pertinent part that any breach or violation of any of the stipulations in any contract for the purposes set forth in section 1 thereof shall render the offending party liable to the United States in a sum equal to the amount of underpayment of wages due any employee engaged in the performance of such contract; that sums due the United States by reason of any violation of any of the stipulations of such contract may be recovered in suits in the name of the United States by the Attorney General; and that sums recovered in such suits shall be held in a special deposit account and shall be paid, on order of the Secretary of Labor, directly to the employees who have been paid less than minimum rates of pay and on whose account such sums were recovered. Section 4, 41 U.S.C.A. § 38 authorizes and directs the Secretary of Labor to administer the Act. Section 5, 41 U.S.C.A. § 39, empowers the Secretary to conduct hearings and make findings of fact in respect to failure to pay overtime wages for overtime work; and it expressly makes such findings of fact conclusive in any court of the United States if supported by the preponderance of the evidence. And section 6 of the so-called Portal-to-Portal Act, 61 Stat. 87, 29 U.S.C.A. § 255, provides in presently pertinent part that an action to recover liquidated damages for unpaid overtime compensation under the Walsh-Healey Act may be commenced within two years after the cause of action accrued and shall be barred unless commenced within such time. The right of action pleaded in the complaint in this action was created by section 2 of the Walsh-Healey Act. The source of the cause of action was in the statute, not findings of the Secretary of Labor. The cause of action accrued upon failure to pay the applicable rates of compensation for overtime work done in the performance of the contracts. And the United States had the right at any time thereafter within the applicable period of limitation to institute and main-

tain the action. Unexcelled Chemical Corp. v. United States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821; United States v. W. H. Kistler Stationery Co., 10 Cir., 200 F.2d 805; United States v. Lovknit Manufacturing Co., 5 Cir., 189 F.2d 454, certiorari denied 342 U.S. 896, 72 S.Ct. 229, 96 L.Ed. 671; Lance, Inc., v. United States, 4 Cir., 190 F.2d 204, certiorari denied 342 U.S. 896, 72 S.Ct. 229, 96 L. Ed. 671.

■ Under the plain command of section 5 of the Walsh-Healey Act, supra, findings of fact made by the Secretary of Labor in respect to unpaid compensation at the applicable rate for overtime work in the performance of a contract subject to the provisions of the Act are conclusive in an action in the United States Court, if supported by the preponderance of the evidence. But the institution of an action for the recovery of liquidated damages for such unpaid compensation is not conditioned upon the making of such findings by the Secretary. And the making of administrative findings of that kind is not a prerequisite to the right of the United States to institute and maintain the action. Unexcelled Chemical Corp. v. United States, supra; United States v. W. H. Kistler Stationery Co., supra; United States v. Lovknit Manufacturing Co., supra.

■ Where the action is instituted during the pendency of the administrative proceeding but before the making of findings of fact therein, the question whether the judicial action should be stayed for a reasonable time to await completion of the administrative proceeding is a question addressed to the sound judicial discretion of the court. It may well be that in the ordinary case of that kind, appropriate procedure would be to stay the judicial proceeding for a reasonable time to await the making of administrative findings of fact, but that is a matter committed to the sound judicial discretion of the court.

■ As expressed in the judgment of dismissal, it was the view of the trial court that the action could not be main-

tained until the administrative remedies had been exhausted as required by 5 U.S. C.A. § 1009(c); and that since there had been no final administrative agency action which was the subject of judicial review, the action should be dismissed. The well-recognized rule that administrative remedies must be exhausted before resort can be had to the judicial processes has application to claims which are cognizable in the first instance only by an administrative agency. In respect to claims of that kind, judicial interference is withheld until the administrative course has been exhausted. United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126. But since the cause of action pleaded in the complaint herein was cognizable in the first instance in the court, the statute referred to is without application.

The judgment is reversed and the cause is remanded.