**UNITED STATES of America,**
**Plaintiff,**

v.

**SAWYER FUELS, INC., a corporation, H. C. Wallace, J. C. Christianson, C. H. Puckering, J. A. Jameson, and K. A. McKinnon, Defendants.**

Civ. No. 156.

United States District Court
D. North Dakota,
Northwestern Division.

Dec. 28, 1961.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., Harper Barnes, Regional Atty., United States Dept. of Labor, Kansas City, Mo., Rex L. Culley and Gerald Z. Rossow, Attys., United States Dept. of Labor, Kansas City, Mo., of counsel for plaintiff.

C. J. Serkland, of Cupler, Tenneson, Serkland & Lundberg, Fargo, N. D., and Howard C. Burton, Great Falls, Mont., of counsel, for defendants.

RONALD N. DAVIES, District Judge.

This action was brought by the United States against Sawyer Fuels, Inc., a corporation; H. C. Wallace, its president; J. C. Christianson, its vice-president; C. H. Puckering, its secretary-treasurer; and two directors, J. A. Jameson and K. A. McKinnon, under 41 U.S.C.A. § 35 et seq., the so-called Walsh-Healey Act, 49 Stat. 2036, as amended, to recover liquidated damages for failure of the corporation to pay its employees the prescribed minimum wages and overtime rates of pay while they were engaged in fulfilling five Government contracts for coal which the defendant corporation had with an agency of the United States.

Subsequently on September 13th, 1961, the Government moved, among other things, that this action be dismissed as to the defendant, K. A. McKinnon. The motion is granted, and the action will be dismissed as to said defendant.

The pleadings disclose that the Undersecretary of Labor had previously initiated an administrative proceeding against the defendants, and the Court was asked to order a stay of this action pending completion of those proceedings. After the defendants had answered, the parties hereto stipulated and the Court ordered a stay and continuance until completion of the administrative proceedings and until the filing herein of the entire record and findings of fact in those proceedings. These things having been accomplished, the plaintiff now moves for summary judgment based upon the administrative hearing record.

The defendants oppose the motion, contending they are entitled to a trial de novo before this Court. Raised also is the question of whether the record in the administrative hearing supports the findings of fact as determined by the hearing examiner. The defendants further argue that the Act is unconstitutional as it applies to the facts in this case.

Rule 56, Fed.R.Civ.P. 28 U.S.C.A. provides that "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

As has been indicated, the entire record of the administrative proceedings and the final findings of fact therein are now part of the record before this Court. If the hearing examiner's findings of facts are supported by a preponderance of the evidence, they are conclusive herein. 41 U.S.C.A. § 39, Section 5 of the Act; United States v. Winegar, 10 Cir., 254 F.2d 693; Harp v. United States, 10 Cir., 173 F.2d 761, (certiorari denied,

878

338 U.S. 816, 70 S.Ct. 56, 94 L.Ed. 494); Ready-Mix Concrete Company v. United States, Ct.Cl., 158 F.Supp. 571; United States v. Sweet Briar, D.C., 92 F.Supp. 777. Clearly defendants are not entitled to a trial de novo. Thus the issue here presented is whether the findings of the hearing examiner in the administrative proceedings are supported by a preponderance of the evidence.

All issues raised in those proceedings were determined adversely to the defendants, and this Court cannot say that the findings do not find support in the record by a preponderance of the evidence, excepting only the finding that the defendant officers and directors of the corporation were the real parties at fault for breach or violation of the contracts, and therefore, personally liable for the liquidated damages sought.

■ A detailed review of the evidence is considered unnecessary. The parties are familiar with it. There is nothing novel contained therein. The burden was upon the defendants to establish the perishability of lignite coal and thereby come within the exception provision of the Act and to show also that all hours worked by employees of the corporation were not worked " * * * in the manufacture or furnishing of the materials, supplies, articles or equipment used in the performance of the contract(s) * * * ", and therefore, to refute Section 201.501 of the Regulations, issued pursuant to the Act, which presumes that all employees of the corporation were engaged in performance of the contracts.

■ However, under Section 36, 41 U.S.C.A., Section 2 of the Act, which provides inter alia that "Any breach or violation of any of the representations and stipulations in any contract for the purposes set forth in section 35 of this title shall render the party responsible therefor liable to the United States of America for liquidated damages, * * " the Government was required to show by a preponderance of the evidence presented to the hearing examiner that the individual defendants in this lawsuit ex-

ercised such control and supervision of production, or management of employment, as to constitute them violators of the Act. This the Government has failed to do.

Even if this were not the case, it is highly questionable whether one not a promissor or convenantor of the contract can be held liable as a "party responsible." United States v. Hudgins-Dieze Company, D.C., 83 F.Supp. 593.

■■ The contention of the defendants that the authority given the Secretary of Labor by the Act to make, amend, and rescind such rules and regulations as may be necessary to carry out the provisions of the Act, and that such rules and regulations have the force of law and are, therefore, an unconstitutional delegation of legislative power has been considered. Similarly, the defendants' contention that the regulations issued under the Act having the force of law constitutes a deprivation of liberty or property in contravention of the Constitution has received careful attention. The Court finds these contentions without merit.

The Government's motion for summary judgment will be granted only as to the defendant Sawyer Fuels, Inc. The motion is denied as to the individual defendants, H. C. Wallace, J. C. Christianson, C. H. Puckering, and J. A. Jameson.

The end result is an award to the plaintiff, United States of America, as liquidated damages, the amount of the underpayment of minimum wages and overtime pay, in the sum of $18,706.09 together with interest at the legal rate until paid, together with costs to be fixed and assessed by the Clerk of this Court, against the defendant Sawyer Fuels, Inc., a corporation. The complaint will be dismissed as to the remaining individual defendants.

The attorneys for the United States of America will prepare the necessary instruments to effectuate this memorandum opinion and transmit them through the Clerk of this Court with the least practicable delay.

It is so ordered.