**UNITED STATES of America, Plaintiff,**

v.

**PINE TOWNSHIP COAL COMPANY, Inc., John E. Evans, John E. Evans, Jr., M. Albert Evans, and Thomas M. Mc-Neal, Defendants.**

Civ. A. No. 61–729.

United States District Court
W. D. Pennsylvania.

Jan. 3, 1962.

Gustave Diamond, Asst. U. S. Atty., Pittsburgh, Pa., Ernest Votaw, Regional

Atty., U. S. Dept. of Labor, Chambersburg, Pa., Morton Liftin, Asst. Solicitor, U. S. Dept. of Labor, Washington, D. C., for the United States.

Leonard Boreman, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The United States instituted administrative proceedings pursuant to the Walsh-Healey Public Contracts Act, 41 U.S.C.A. § 35 et seq. against the Pine Township Coal Company and another corporate defendant. These proceedings were commenced in the latter part of 1960. In August 1961, the Government filed an amended complaint in the administrative proceedings against certain individuals as additional respondents. In November 1961, the Government filed a suit against these same individuals in this Court to recover a sum of money which might be found to be due the Government by reason of breach of contract involved in administrative proceedings. The Government has also requested a stay of further proceedings in this Court, pending the disposition of the case before the administrative proceedings.

The defendants, however, have opposed this motion and urge that the court proceedings go forward. The Government on the other hand maintains that the administrative proceedings should be held first, and that they have only filed this court proceedings due to the fact that the period in which they could file in the district court would expire prior to the termination of the administrative proceedings.

Briefs have been filed by both the Government and the defendants, and an extensive argument was held before this Court. The defendants in addition seek an order staying the administrative proceedings pending the determination of the case in this Court. Having heard the arguments and considering the briefs filed in this case, we are of the opinion that the applicable rule of law which we must follow is set forth by the United States Court of Appeals for the Tenth

Circuit in the case of United States v. Winegar, 254 F.2d 693, 696,

> "Where the action is instituted during the pendency of the administrative proceeding but before the making of findings of fact therein, the question whether the judicial action should be stayed for a reasonable time to await completion of the administrative proceeding is a question addressed to the sound judicial discretion of the court. It may well be that in the ordinary case of that kind, appropriate procedure would be to stay the judicial proceeding for a reasonable time to await the making of administrative findings of fact, but that is a matter committed to the sound judicial discretion of the court."

The Court of Appeals points out that in the ordinary case the appropriate procedure would be to stay the judicial action for a reasonable time. While certain facts stated to this Court may make the circumstances of this particular case a little different from the ordinary case, we do not feel that they are different to any marked degree.

Nevertheless, we feel that litigants are entitled to as speedy a determination of their case as is possible. As a practical matter, the earliest that the instant case could be heard in this Court under normal procedures would not be before the next non-jury term of this Court scheduled for the fall of 1962. If the case would be tried before a jury, assuming that it could be a jury question, it would be reached much later. Therefore, we do not feel that anyone could be harmed by a stay of judicial proceedings in this case for a reasonable time; and we feel that a reasonable time in this case would be to stay the proceedings until July 1, 1962. At that time any appropriate motion could be made by either party. In view of the disposition of the Government's motion for stay, it is unnecessary to pass upon the defendants' motion to stay administrative proceedings.