UNITED STATES of America, Plaintiff,

v.

SOUTHLAND MANUFACTURING COR-PORATION, a Corporation, and Morris Milstein, individually, and as President of Southland Manufacturing Corporation, Defendants.

Civ. No. 211–65.

United States District Court D. Puerto Rico.

Jan. 26, 1967.

Paul E. Myerson, U. S. Dept. of Labor San Juan, P. R., for plaintiff.

Morris Milstein, pro se.

## MEMORANDUM OF OPINION

CANCIO, Chief Judge.

This is an action under Section 2 of the Walsh-Healey Public Contracts Act (41 U.S.C. §§ 35–45), hereinafter called the Act, to recover some sums of monies due to the United States by reason of (1) the underpayment of wages to employees engaged in the performance of certain contracts subject to the Act; and (2) the employment of female minors under 18 years of age in the performance of these contracts. The action was commenced on May 26, 1965, and was stayed by Order of this Court, pending completion of the administrative proceeding instituted pursuant to Section 5 (41 U.S.C. § 39) of the Act. The aforesaid administrative proceeding having been completed and a duly authenticated copy of the material portions thereof having been filed with the Court, Plaintiff, the United States of America, moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

It is this motion which was heard by the Court on November 25, 1966; and it is on this motion which the Court, after fully considering the statutory language, the pleadings filed, the administrative record filed, and the arguments of the parties presented herein, is now prepared to rule. As grounds for this motion, plaintiff asserts that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. In support of this motion, plaintiff relies upon the specific language of the Act, together with the administrative record of the proceeding held pursuant to its provisions. The recovery sought by plaintiff is based solely on the Findings of Fact, Conclusions of Law, and Decision of the Hearing Examiner (dated August 12, 1965), as affirmed by the Administrator of the Wage and Hour and Public Contracts Divisions, United States Department of Labor, on February 18, 1966.

The statutory provisions, insofar as they affect the case at bar, are found in Sections 1, 2, 4, and 5 of the Act. The presently pertinent provisions of these Sections of the Act generally are as follows:

Section 1 (41 U.S.C. § 35) provides that any contract made with any agency of the United States for the manufacture or furnishing of materials, supplies, articles or equipment in amounts exceeding $10,000, shall contain certain representations and stipulations with respect to wages, hours of work, and employment of female minors under 18 years of age.

Section 2 (41 U.S.C. § 36) provides that "any breach or violation of any of the representations and stipulations in any contract for the purposes set forth in Section 1 hereof shall render the party responsible and therefor liable to the United States of America for liquidated damages, in ad-

dition to damages for any other breach of such contract, the sum of $10 per day for * * * each female person under eighteen years of age * * * knowingly employed in the performance of such contract, and a sum equal to the amount of any * * * underpayment of wages due to any employee engaged in the performance of such contract, * * *. Any sums of money due to the United States of America by reason of any violation of any of the representations and stipulations of said contract set forth in Section 1 hereof * * * may be recovered in suits brought in the name of the United States of America by the Attorney General thereof * * *."

Section 4 (41 U.S.C. § 38) grants authorization and direction to the Secretary of Labor to administer the Act.

Section 5 (41 U.S.C. § 39) grants specific authority and powers to the Secretary of Labor, or a "representative designated by him," to conduct hearings with respect to compliance with the representations and stipulations required by Section 1 of the Act; "make findings of fact after notice and hearing" relating to compliance with the representations and stipulations contained in Section 1 of the Act; and "make such decisions, based upon findings of fact, as are deemed to be necessary to enforce the provisions of this Act."

Section 5 expressly makes the aforesaid findings of fact of the Secretary of Labor; or his authorized representative *"conclusive in any court of the United States * * *." "if supported by the preponderance of the evidence."* Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); United States v. Winegar, 254 F.2d 693 (C.A. 10, 1958); and Harp v. United States, 173 F.2d 761 (C.A. 10, 1949), cert. denied 338 U.S. 816, 70 S.Ct. 56, 94 L.Ed. 494.

The Walsh-Healey Public Contracts Act, 41 U.S.C. §§ 35–45, has been in effect long enough so that its provisions are well known and its construction clearly outlined and defined by numerous court decisions, two of the leading cases under the Act being Endicott Johnson Corporation v. Perkins, supra; United States v. Rippetoe et al., D.C.E.D.S.C., 1949, 17 Labor Cases 65, 324.

In accordance with this construction and pursuant to the rules of practice promulgated by the Secretary of Labor under the authority vested in him by Section 4 of the Act (41 U.S.C. § 38), a full administrative hearing was held before his designated representative. Testimony was taken and briefs were filed by the Government and the respondents-defendants. The Hearing Examiner, on August 12, 1965, based upon the entire record before him, made, issued, and filed his findings of fact, conclusions of law and a decision. Thereafter, as a result of respondents-defendants' petition for review, these findings, conclusions and decision were reviewed and affirmed on February 18, 1966 by the Administrator of the Wage and Hour and Public Contracts Divisions.

Said record, together with the exhibits presented to the Hearing Examiner, and the decisions of both the Hearing Examiner and the Administrator, were filed with this Court pursuant to its order, entered on July 28, 1965, staying judicial proceedings until completion of the administrative ones.

■ Under the express language of Section 5 of the Act and the pertinent cases on the subject, defendants are not entitled to a trial *de novo*. Rather, defendants are entitled to a determination as to whether the findings of fact, conclusions of law, and decision of the Hearing Examiner, as affirmed by the Administrator, are supported by the preponderance of the evidence. United States v. Winegar, 254 F.2d 693 (C.A. 10, 1958); United States v. Islip Machine Works, 179 F.Supp. 585 (E.D.N.Y., 1959), United States v. Rippetoe, 17 Labor Cases 65, 324 (E.D.S.C., 1949); United States v. Standard Pharmacal Co., 9 WH Cases 245 (N.D.Ill., 1949); United States v. Hedstrom, 8 WH Cases 302

(N.D.Ill., 1948); and Jno. McCall Coal Company v. United States, 248 F.Supp. 253 (D.C.Md., 1965).

 In determining "the preponderance of the evidence" only that evidence presented to the Hearing Examiner and reviewed by the Administrator is to be considered. United States v. Sawyer Fuels, Inc., 199 F.Supp. 876 (D.N.D., 1961); United States v. Islip Machine Works, supra. This is particularly true in the instant case in which this Court, by the exercise of its judicial discretion, stayed the judicial proceeding pending completion of the administrative proceedings. United States v. Winegar, supra.

 Had the facts of this case been presented to this Court in first instance, this Judge might have found in some situations in a manner different from that of the Hearing Examiner. On review, things are quite different. The administrative findings are presumptively correct, and the burden is on the defendant to show that these findings are not supported by the preponderance of the evidence. United States v. Sweet Briar, 92 F.Supp. 777 (W.D.S.C., 1950). Here, the evidence sustains the Hearing Examiner.

 As to the credibility and appearance of the witnesses relied upon by the Hearing Examiner in arriving at his findings, it has long been the settled rule that this is the function of the Hearing Examiner, and since he had the opportunity to observe the demeanor and appearance of such witnesses, such findings can be overruled only where, on the basis of the record, they are clearly incorrect. Universal Camera Corporation v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); N. L. R. B. v. Dant, 207 F. 2d 165 (C.A. 9, 1953); and N. L. R. B. v. Dinion Coil Co., 201 F.2d 484 (C.A. 2, 1952). There is evidence implying that defendant "knowingly" employed the five minors in question or should have known he was doing so. Any reasonable person could have found that, based on the evidence before him. We are not at liberty to intervene with such findings.

For the above reasons, Plaintiff's motion for summary judgment is granted, the decision of the Hearing Examiner is affirmed, and a judgment shall be entered against the Defendants jointly and severally for the sum of $2,915.00 with interest thereon at the rate of 6% per annum from the date upon which same became due, until payment, plus costs.

It is so ordered.